## UNITED STATES v. 6.74 ACRES OF LAND IN DADE COUNTY, FLA., et al.

### No. 11007.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1945.

Norman M. Littell, Asst. Atty. Gen., Vernon L. Wilkinson and Kelsey Martin Mott, Attys., Department of Justice, both of Washington, D. C., and Stuart W. Patton, Sp. Atty., Department of Justice, of Miami, Fla., for appellant.

Robert H. Anderson and Alfred L. McCarthy, both of Miami, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

The question before us is: May the United States, while in possession of land under a lease with the purported owner, condemn the full fee simple title thereto?

On October 26, 1943, the United States filed a petition in condemnation to acquire the fee title to two tracts of land needed in connection with the expansion of Miami Beach Air Base, Florida, for use as a dry storage warehouse for a military airfield and related military purposes. A declaration of taking was filed and judgment thereon was entered the same day.

· On December 8, 1943, Helen Cowles Harrison, appellee here, filed an answer in which she alleged that she owned the fee title of Tract No. 2, described in the petition. In paragraph 4 of her answer she denied that her property was needed for

the purposes alleged in the petition because on May 18, 1943, prior to institution of the proceeding, the Government had leased the property from her for the same purposes and had constructed a substantial warehouse thereon, and the lease was still in effect and would not terminate until after the war. In pargaraph 6 she averred that for the same reasons the proceeding to condemn the fee title of her lands was not instituted in good faith. The Government moved to strike paragraphs 4 and 6 of the answer on the grounds that they were contrary to law and were conclusions of the pleader. On January 14, 1944, the motion was denied.

On January 24, 1944, the parties stipulated that, on the date of the judgment on the declaration of taking, there was in effect a lease by and between the United States and appellee whereunder the United States was in possession of the property being condemned.[1] Appellee thereupon moved orally for a judgment on the pleadings and the stipulation, and announced her intention to move for vacation of the judgment on the declaration of taking in event the court ruled in her favor. Immediately following argument on this motion the court dictated its opinion, holding that, since the condemnor held Tract No. 2 under lease on the date of the taking, it was "not in a position to appropriate such lands in the manner sought to be appropriated here." On January 25, 1944, the court signed an order dismissing the petition as to defendant Harrison and vacating the judgment entered on the declaration of taking.

The court below indicated that, if the Government had sought to acquire the reversionary interest of the lessor rather than the fee simple title, such an action might have been sustained; but that the Government could not ignore the lease and appropriate full title to the property. Appellee also contends on appeal that Section 171 (a) of 50 U.S.C.A., as amended by section 201 of the Second War Powers Act, 50 U.S.C.A. Appendix § 632, is the only statutory authorization for the proceedings instituted; that said statute provides for the acquisition of property by purchase, donation, or other means of transfer, or by proceedings in condemnation; and that, since the United States had exercised its first alternative right to acquire the leasehold interest in the property by contract, it thereby exhausted its statutory rights and could not thereafter pursue the second alternative remedy of condemnation. Finally, it is argued that no necessity existed for the condemnation because the United States already had possession of the premises for the exact uses specified.

Upon the filing of the declaration of taking and the depositing of the money in the registry of the court, fee simple title to the lands immediately passed to the Government.[2] The necessity for the taking was by the Congressional Acts placed solely within the discretion of the Secretary of War and is not a question with respect to which courts are vested with jurisdiction. The court below, therefore, was without right to question the action of the Secretary of War either as to the necessity of

---

[1] The lease is not included in the record but its terms are not the subject of any dispute. It was dated May 18, 1943, and was for a term beginning December 3, 1942, and ending June 30, 1943, with an option in the Government to renew from year to year at a rental of $125.65 per annum. The lease, or any renewal thereof, could be cancelled upon written notice to the lessor at least 30 days before expiration of the lease or any renewal thereof. The Government was given the right to make improvements and structures upon the land which were to remain the property of the Government and which could be removed by the Government before termination of the lease, subject to the obligation to restore the premises to its original condition. The lease was renewed May 28, 1943, for an additional year ending June 30, 1944. It was cancelled after the present proceeding was instituted and no attempt was made to renew it for the fiscal year 1945.

[2] 40 U.S.C.A. § 258a provides:

"Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration, shall vest in the United States of America, and said lands shall be deemed to be condemned and taken for the use of the United States, and the right to just compensation for the same shall vest in the persons entitled thereto; * * *."

See Saucier v. Crichton, 5 Cir., 147 F.2d 430; Dade County, Fla. v. U. S., 5 Cir., 142 F.2d 230; U. S. v. Catlin, 7 Cir., 142 F.2d 781; U. S. v. Sunset Cemetery Co., 7 Cir., 132 F.2d 163; City of Oakland v. U. S., 9 Cir., 124 F.2d 959.

the taking or as to the extent of the right or interest in the property taken.[3]

■ The fact that the Government was in possession of the property under a lease from appellee could not defeat the right of the Government to acquire the fee simple title if in the opinion of the Secretary of War such title was necessary for war purposes or was necessary to protect the interest of the Government with respect thereto. The United States, notwithstanding such contractual right, could always acquire a greater interest in the property than it already possessed. Cf. Old Dominion Land Co. v. United States, 1925, 269 U. S. 55, 46 S.Ct. 39, 70 L.Ed. 162; Central Hanover Bank & Trust Co. v. Pan American Airways, Inc., 1939, 137 Fla. 808, 188 So. 820; Houston North Shore Ry. Co. v. Tyrrell, 1936, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; In re New York & Harlem R. Co. v. Kip, 1871, 46 N.Y. 546, 7 Am. Rep. 385; 108 A.L.R. 1522.

This construction is consistent with the language of the statute relied on by appellee.[4] The Secretary of War is empowered to acquire by condemnation *any real property* deemed necessary for military purposes. The grant is broad and absolute; it is not limited to real property in which the Government has no present interest, and no such limitation may be read into the statute by judicial interpretation.

The holding of the court below that the Government, since it was in possession of Tract No. 2 under a lease from appellee, could not condemn more than the reversionary interest in Tract No. 2, proceeds up-

on the assumption that the Government would thus acquire a perfect title to the property from its lessor, and denies to the Government the right in condemnation cases to resort to a course which would establish in it an indefeasible title, good against the world. We find nothing in the Congressional Acts under which the Secretary of War proceeded that permits courts to inquire into and to thus limit the right of the Government in condemnation proceedings.

It can make no difference to appellee whether the Government acquired a fee simple title to Tract No. 2 by operation of law through merger of the leasehold and the reversionary interest, or by condemnation proceedings such as were resorted to here. It does, however, make a difference to the Government whether it obtains a fee title by operation of law or by eminent domain since under the latter course it acquires a title which is unassailable.

■ We conclude that under the Congressional Acts the necessity of the taking and the extent of the title to be taken are questions vested exclusively in the Secretary of War, and that upon the filing of the declaration of taking and the depositing of the money in the registry of the court neither appellee nor the court below could assail or in any wise limit the title which immediately passed to the Government thereunder. It follows that the court below erred in overruling the Government's motion to strike paragraphs 4 and 6 from appellee's answer, in holding that the United States could not condemn the fee simple title of appellee in Tract No. 2, and in va-

[3] U. S. v. Meyer, 7 Cir., 113 F.2d 387 (and cases cited).

[4] Sec. 171(a) as amended by § 201 of the Second War Powers Act provides:

"*Real property for war purposes.* The Secretary of War, * * * may acquire by purchase, donation, or other means of transfer, *or* may cause proceedings to be instituted in any court having jurisdiction of such proceedings, to acquire by condemnation, *any real property,* * * * that shall be deemed necessary, for military, naval, or other war purposes, such proceedings to be in accordance with the Act of August 1, 1888 (25 Stat. 357 [40 U.S.C.A. §§ 257, 258]), *or any other applicable Federal statute.*"

In the declaration of taking executed by the Secretary of War, it is declared that: "The lands hereinafter described are

taken under and in accordance with the Act of Congress approved February 26, 1931 (46 Stat. 1421, 40 U.S.C. Sec. 258a [40 U.S.C.A. § 258a]), and acts supplementary thereto and amendatory thereof, and under the further authority of the Act of Congress approved August 18, 1890 (26 Stat. 316) as amended by the Acts of Congress approved July 2, 1917 (40 Stat. 241) April 11, 1918 (40 Stat. 518, 50 U.S.C. Sec. 171 [50 U.S.C.A. § 171]), and March 27, 1942 (Public Law 507-77th Congress [50 U.S.C.A. Appendix § 632]) which acts authorize the acquisition of land for military or other war purposes, and the Act of Congress approved July 2, 1942 (Public Law 649-77th Congress [56 Stat. 611]) which Act appropriated funds for such purposes."

cating the judgment entered upon the declaration of taking of said tract.

The judgment appealed from is reversed, and the case is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.