UNITED STATES v. HAYES et al.

HAYES et al. v. UNITED STATES.

No. 11900.

United States Court of Appeals
Ninth Circuit.
Feb. 14, 1949.

678

A. DeVitt Vanech, Asst. Atty. Gen., Henry L. Hess, U. S. Atty., of Portland, Or., and John F. Cotter and Elizabeth Dudley, Attys., Dept. of Justice, both of Washington, D. C., for appellant the United States.

Edwin D. Hicks, J. W. McCulloch, Thomas H. Tongue, III, and Hicks, Davis & Tongue, all of Portland, Or., for appellants Hayes et al.

Before HEALY and ORR, Circuit Judges, and YANKWICH, District Judge.

YANKWICH, District Judge.

## I.

### Statement of the Case.

This is an appeal and cross-appeal, in a land condemnation case, from an order of the trial court striking the declaration of taking and dismissing the cause, after it had set aside the jury's verdict as excessive.

On April 22, 1946, the United States of America, to be referred to as "the Government," instituted proceedings to condemn 1,101.68 acres of land owned by Mary I. (Bell) Hayes and her husband Marcellus B. Hayes, to be called "the owners," in Harney County, Oregon, for the purpose of providing an addition to the Malheur National Wildlife Refuge of Oregon. An amended complaint, describing the land more particularly, was filed on August 13, 1946. On October 2, 1946, an answer was filed alleging that the land had a value of $55,084. On October 9, 1946, the landowners and their son, Adelbert, entered into an agreement with the Government whereby they agreed to the acquisition of title to the land by the Government, through judicial proceedings, subject to a reservation of certain grazing rights to the land for a period of five years. The Government agreed to pay to the owners $16,000 as consideration for the land and in settlement of a pending suit by them against the Government for damages to the land. On February 11, 1947, a declaration of taking was filed, alleging that $16,000 was the reasonable value of the interests to be condemned, and the sum of $16,000.00 was deposited in the registry of the Court. On February 13, 1947, a second amended complaint was filed (to conform with the declaration of taking), asking for condemnation of the fee simple title, subject to a five-year reservation in a portion of the lands. On February 26, 1947, judgment was entered on the declaration of taking, and an order made granting immediate possession. A reply to the answer of the owners was filed on September 11, 1947, alleging that the defendants had entered into an agreement to sell the lands for $16,000, and were, therefore, estopped from demanding any greater sum.

On September 24, 1947, the District Court heard testimony relating to the circumstances under which the agreement was made. The facts elicited by this testimony need not be gone into for reasons which will appear further on in the Opinion. The District Court declined to allow the agreement to go before the Jury.

On September 25, 1947, the issue of valuation was tried before a jury, who returned a verdict of $36,500. Judgment on the verdict in that amount was entered on September 25, 1947. On October 3, 1947, the Government moved to set aside the verdict and for a new trial. On October 20, 1947, an order was entered setting aside the verdict and judgment, striking the declaration of taking from the files, and dismissing the cause, which was worded as follows:

"Now at this day this cause coming on to be heard upon the Motion of the United States of America, plaintiff herein, for an order setting aside the verdict of the jury and the judgment on the verdict entered in the above-entitled cause on the 25th day of September, 1947, and granting a new trial therein, plaintiff appearing by Bert C. Boylan and Linus M. Fuller, Special Assistants to the United States Attorney, and the defendants appearing by Edwin D. Kicks of counsel for the defendants, and the motion having been duly presented by oral argument and the Court being fully advised in the premises, It Is Hereby Ordered and Adjudged that the verdict of the jury and the judgment on the verdict entered herein on the 25th day of September, 1947, be and the same are hereby set aside; And It Is Hereby Further Ordered and Adjudged on the motion of the Court that the Declaration of Taking filed in this cause on the 11th day of February, 1947, be and the same is hereby stricken from the files in this cause and that the judgment on the Declaration of Taking and the Order granting immediate possession be and the same is hereby vacated; And It Is Further Ordered and Adjudged that this cause be and the same is hereby dismissed."

On January 16, 1948, the United States filed notice of appeal from the portion of the order which struck the declaration of taking from the files, vacated the order granting immediate possession and dismissed the cause. On January 19, 1948, the owners filed a cross-appeal from that portion of the order which set aside the verdict of the jury and the judgment on the verdict.

In summary, the Government seeks to restore the declaration of taking and the order granting immediate possession, the owners, in effect, ask us to reinstate the judgment on the verdict, which awarded them the sum of $36,500 as compensation for the taking of the property.

## II.

### The Legal Questions Involved.

Three questions are presented on this appeal:

1. Whether the District Court can strike a declaration of taking and dismiss the condemnation proceeding in which it is filed.

2. Whether the District Court can refuse to give effect to an agreement of purchase which determined the value of certain property upon the ground that the agreement was entered into under circumstances which the Court considered inequitable and as amounting to an "over-reaching".

3. Whether the action of the trial court after a verdict in a condemnation proceeding in setting it aside on the ground that the award was excessive can be interfered with by this Court.

### (A) *The Effect of the Declaration of Taking.*

It is conceded by the owners that the District Court was without power to set aside the declaration of taking and dismiss the proceeding. Rightly. For, upon the filing of the declaration of taking, title passes to the Government, and the District Court is powerless to dismiss the proceeding. 40 U.S.C.A. §§ 257, 258a; City of Oakland v. United States, 9 Cir., 1942, 124 F.2d 959; United States v. Sunset Cemetery Co., 7 Cir., 1942, 132 F.2d 163; United States v. 150.29 Acres of Land, 7 Cir., 1943, 135 F.2d 878; United States v. Catlin, 7 Cir., 1944, 142 F.2d 781; United States v. Carey, 9 Cir., 1944, 143 F.2d 445, 450; Saucier v. Crichton, 5 Cir., 1945, 47 F.2d 430; United States v. 6.74 Acres of Land, 5 Cir., 1945, 148 F.2d 618, 619. And see, United States v. Miller, 1943, 317 U.S. 369, 380, 381, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55.

### (B) *The Discretionary Power as to Excessive Verdicts.*

An order granting a new trial is not appealable. However, the ruling is reviewable on an appeal from the final judgment. Here, the final judgment of dismissal brings the ruling on the motion

for a new trial before us for review. We cannot disturb it unless we find an abuse of discretion. 28 U.S.C.A. §§ 1291, 1292; Teche Lines v. Boyette, 5 Cir., 1940, 111 F.2d 579, 580, 581; Marshall's U. S. Auto Supply, Inc., v. Cashman, 10 Cir., 1940, 111 F.2d 140. And see, Arkansas Valley Land & Cattle Co. v. Mann, 1889, 130 U.S. 69, 74, 9 S.Ct. 458, 32 L.Ed. 854; Southern Railway-Carolina Division v. Bennett, 1914, 233 U.S. 80, 87, 34 S.Ct. 566, 58 L.Ed. 860; Fairmount Glass Works v. Club Fork Coal Co., 1933, 287 U.S. 474, 481, 53 S.Ct. 252, 77 L.Ed. 439; Swift & Co. v. Ellinor, 5 Cir., 1939, 101 F.2d 131.

■ As the conclusion, in a condemnation suit, that a verdict is excessive involves a determination by the trial court, in the light of the evidence in the case, the expert testimony offered, the configuration of the land as shown by the evidence or by a view of the premises, the uses to which it is adapted, it can rarely happen that a reviewing court will be justified in substituting its judgment, derived from a cold record, for the inferences to be drawn from the circumstances just alluded to.

For this reason, this Court said, in Murphy v. United States District Court, 9 Cir., 1944, 145 F.2d 1018, 1020, in discussing the power of the trial judge to set aside the verdict of a jury in a condemnation proceeding as excessive:

"A Federal District Judge not only has the power and authority but is charged with a duty and responsibility to set aside the verdict of a jury and to grant a new trial when in his judgment and discretion the amount of compensation awarded is excessive. The granting of a new trial is discretionary with the court and subject to no fixed rule except a consideration of what is just."

■ And certainly here, an order setting aside a verdict of $36,500 for the taking of lands for which an agreement to sell for $16,000 had been made, and the value of which Government appraisers had placed at a figure as low as $9,922 and which one of the two appraisers of the owners had placed at $23,885.40, cannot be said to involve an abuse of judicial discretion. This is especially true when we bear

in mind that the Judge who granted the motion had ruled in favor of the owners in refusing to give recognition to the agreement of purchase. A trial judge so minded is not likely to grant a new trial on the ground of excessiveness unless convinced that the verdict is shockingly excessive. So, while we are satisfied that it, concededly, was error to set aside the declaration of taking and dismiss the proceeding, we are equally convinced that there is no error in setting aside the verdict and the judgment on it.

(C) The Ruling on the Purchase Agreement is Not Reviewable.

■ The conclusion thus reached makes it unnecessary to determine whether the Court was wrong in refusing to give recognition to the agreement of purchase and in rejecting the offer of proof which would have brought the agreement before the jury. Indeed, the granting of the motion to set aside the verdict and the judgment makes any question relating to the admissibility of the testimony moot, once we arrive at the conclusion that the ruling on the motion was correct. Of course, if the trial judge had—on proper findings—entered an interlocutory judgment or order upon the portion of the case which he heard without the jury, and had decreed the agreement invalid, we could, upon appeal or cross-appeal, review that portion of the judgment or order as a final adjudication, independent of the verdict, the judgment on the verdict, and the order setting them aside. But here, there are no findings reciting the factual and legal basis for the invalidity of the agreement of purchase, and no judgment or order of the Court declaring the agreement invalid. All that happpened was this: After the jury was impanelled and sworn, an order was made to send the jury to view the premises, in the custody of the Marshal. During their absence, the Court proceeded to receive evidence as to the agreement of purchase, and heard the testimony of appellees Mary I. Hayes and Marcellus Hayes on behalf of the owners, and of Doren E. Woodward and Roland Schaar, land valuation engineers of the U. S. Fish and Wildlife Service, on behalf of the Government, as to the circumstances under which the agreement of purchase was entered into.

At the conclusion of this testimony, the Court announced its conclusion that, because of the unethical conduct of the Government's agents with regard to the matter and of the consummation of the agreement without the presence of the attorneys of the owners, it would restore the "status quo," and "will not present this contract to the jury as a measure of the damages in this case." Although an exception was allowed to this ruling, the Court did not consider it "a definite ruling." The Court envisaged the further offer of the agreement the following day in the presence of the jury. When the trial of the cause was resumed on the following day, in the presence of the jury, the Government, at the conclusion of the opening statements, offered the agreement of purchase in evidence. On objection, it was excluded and exception noted. To complete the record, an offer was made, outside the presence of the jury, to prove the agreement of purchase as a basis for the contention that the defendants were estopped from claiming a greater sum than $16,000 for the property taken. An objection to the offer was made and sustained. The remaining evidence heard in the case related to the character and valuation of the land. The verdict of the jury was returned on the same day,—September 25, 1947. It fixed the value of the land at $36,-500. On the same day, judgment on the verdict was entered by the Judge of the Court. This judgment did not refer to the ruling of the trial judge on the agreement of purchase. It merely recited the verdict of the jury and determined that the amount of the verdict was the full, fair market value of the property taken. No other judgment, interlocutory or final, appears in the record. On October 3, 1947, the day after the judgment was docketed, the motion to set aside the verdict and for a new trial was filed. It averred as grounds: (1) That the verdict was excessive; (2) not supported by competent evidence; and (3) the result of passion, prejudice, and caprice and not conforming to competent evidence or the instructions of the Court.

So, in effect, the only ground for the motion was excessiveness of the award. No errors of law,—and a ruling on the admissibility of the evidence would be such error,—were assigned.

The order setting aside the verdict and the judgment on it was dated October 20, 1947, and filed October 23, 1947. It set aside the verdict of the jury and the judgment entered on the verdict, and, as already stated,—on the Court's own motion, —struck the declaration of taking from the files, vacated the judgment on the declaration of taking and the order granting immediate possession, and dismissed the cause. The appeal is only from the portion of the order dealing with the declaration of taking and the dismissal of the cause. The cross-appeal does not question the exclusion of the agreement of purchase.

In this state of the record, the determination of the trial court as to the agreement of purchase is, *at best,* merely a ruling on whether certain evidence should go before the jury. In order to determine the matter, the Court heard evidence relating to the circumstances under which the agreement was entered into. If the judgment on the verdict had been allowed to stand, we could, on this appeal and cross-appeal, rule upon the matter. For a ruling on the admissibility of testimony bearing on the question of value,—timely objection having been made—would be subject to inquiry as one of the "rulings of the court that produced that judgment." Roth et al. v. Hyer, 5 Cir., 1944, 142 F.2d 227, 228. And see, 4 C.J.S., Appeal and Error, § 290, page 561.

(D) *There Is No Finding of Invalidity.*

The matter would also be the subject of inquiry if the determination of the invalidity of the agreement had been transmuted into a special finding and judgment or declaration which had the elements of finality. There is nothing of the kind in the record. And the reason is obvious to us. Neither the Court nor counsel considered the determination anything but an incidental ruling in the trial of the cause. Indeed, repeatedly during the discussions on the validity of the agreement to purchase, the trial judge referred to that part of the proceeding as "preliminary," not "a definite ruling," "not conclusive," and as merely an indication of

what the Court would do if the agreement of purchase were offered before the jury.

. In allowing an exception to the ruling, the Court used this significant language:

"But you may have an exception insofar as it is necessary at this time, and otherwise than this, the case will go to trial, and if the declaration of taking is not set aside, then the verdict will be binding, because if I start to try this case on this declaration, I will consider the verdict is an absolute carrying out of the intention of the Government to take the land. In other words, if you leave that declaration of taking standing, in the face of this ruling, I will consider the judgment final whatever the amount is that is set by the jury."

It is evident, therefore, that in the minds of the Court and counsel, finality was to attach only to the award of the jury. It would have so attached, had the Court left the verdict undisturbed, in which event, the ruling on the admissibility of the agreement to purchase and its binding effect would be up for review. For, in condemnation, only the final judgment, adjudicating all the rights, whether of title or damages, is reviewable. Luxton v. North River Bridge Co., 1893, 147 U.S. 337, 341, 13 S.Ct. 356, 37 L.Ed. 194; United States v. Catlin, 7 Cir., 1944, 142 F.2d 781. But here, the verdict and the judgment on the verdict were set aside. And, although the court,—having determined on its own motion that the cause should be dismissed,—could not order a new trial, a new trial *must* follow on reversal. All questions relating to the admissibility or rejection of testimony were rendered moot when the verdict and judgment were set aside. And a ruling on our part at this time would not be binding on a retrial, even if it be assumed that the same evidence as to the circumstances under which the agreement was entered into would be offered. We are not warranted in making such assumption, for neither the Government nor the owners would be precluded from strengthening their positions by offering additional testimony, either through the same or other witnesses.

To conclude, therefore, the portion of the order of the Court, dated October 20, 1947, vacating and setting aside the verdict of the jury and the judgment on the verdict entered on September 15, 1947, is affirmed. The portion of the order striking from the files the declaration of taking filed on February 11, 1947, and vacating the judgment on the declaration of taking and the order granting immediate possession, and dismissing the cause is reversed.

The trial court is directed to reinstate the declaration of taking and the order granting immediate possession, and to restore said cause to the calendar for retrial and further proceedings in accordance with this opinion.