See also, D.C., 110 F.Supp. 168.

**UNITED STATES of America, Petitioner-Plaintiff-Appellee,**

v.

**44.00 ACRES OF LAND, MORE OR LESS, SITUATE IN THE TOWN OF GREECE, COUNTY OF MONROE, State of New York, and John H. Odenbach et al., Defendants,**

Commissioners James P. B. Duffy, Donald J. Corbett and Joseph E. Silverstein, Appellants.

No. 287, Docket 23895.

United States Court of Appeals Second Circuit.

Argued May 11, 1956.

Decided June 12, 1956.

Frederick Wiedman, Rochester, N. Y., Gallop, Climenko & Gould, New York City, Jesse Climenko and Arthur S. Friedman, New York City, of counsel, for defendant-appellant.

James P. B. Duffy and Donald J. Corbett, Rochester, N. Y., for appellants.

Perry W. Morton, Asst. Atty. Gen., John O. Henderson, U. S. Atty., Buffalo, N. Y., Roger P. Marquis and Harold S. Harrison, Attys., Dept. of Justice, Washington, D. C., for petitioner-plaintiff-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

I. The Defendant Landowner's Appeal.

■ 1. Rule 71A(h), together with Rule 53(e) (2) gave the judge authority to reject, in part, a finding of the Commissioners if "clearly erroneous" and to modify their award accordingly. He was not obliged to, although he had discretion to, remand their report to the Commissioners for a revised finding.

■ 2. It is obvious to us, and it was to the judge, that, in valuing the property, the Commissioners (despite their statement that they took all pertinent factors into consideration) relied primarily on reproduction-cost-new less depreciation. The judge, in his excellent opinion, properly rejected such a valuation. We think his revised valuation is amply supported by the evidence, and that it is not "clearly erroneous."

■ We think it immaterial that, in revising the Commissioners' findings as to "severance" and rental values, the judge did not explicitly state that they were clearly erroneous. We think his revised findings are amply supported by the evidence.

3. On June 11, 1952, when the Government filed the first Declaration of Taking, it deposited $300,000 with the district court. On December 4, 1952, when the Government amended its Declaration of Taking, it deposited another $200,000 with the court. On January 28, 1953 the district judge vacated the Declaration of Taking on the ground that the original estimate of $300,000 as the value of the land taken was made in bad faith; 110 F.Supp. 168. The evidence showed that the Government had previously estimated the property to be worth $500,000 and had prepared a Declaration of Taking based on this estimate which was never filed. Instead, the Government filed the Declaration of Taking which contained an estimate of only $300,000 as the value of the property taken. The trial judge, in making his order vacating the Declaration, disregarded the amended Declaration increas-

ing the estimate of value to $500,000, because the Government had not obtained his permission to make the amendment.

The $500,000 deposited on December 4, 1952 with the court by the Government remained so deposited. On May 12, 1953 the Government filed a second Declaration of Taking containing an estimate of just compensation in the sum of $500,000. Appellant's motion to vacate this Declaration of Taking was denied. On December 28, 1953 the Government deposited another $142,000. On March 7, 1955, after the final order of the district court was rendered, the Government deposited an additional $118,778.35.

The trial judge awarded appellant interest in the following amounts:

Interest on $760,778.35 from December 27, 1951 (the date on which the Government entered into possession) to June 10, 1952.[1]

Interest on $460,778.35 from June 11, 1952 to December 4, 1952.[2]

Interest on $260,778.35 from December 5, 1952 to December 27, 1953.[3]

Interest on $118,778.35 from December 28, 1953 to March 7, 1955.[4]

The amount allowed by the court below as interest was calculated to the time at which the Government deposited the various amounts with the court. No interest was allowed with respect to the amounts so deposited. Under the statute, 40 U.S.C.A. § 258a, interest is not to be allowed on so much of the value of the condemned property as has been deposited with the district court by the Government pursuant to its filing of a Declaration of Taking.

Appellant contends, however, that he is entitled to additional interest on $300,000 from July 11, 1952 to December 4, 1952, and on $500,000 from December 4, 1952 to May 12, 1953 (the date of filing of the second Declaration of Taking). He rests his contention on the fact that the first Declaration of Taking was vacated by the district court and that, therefore, the statute did not absolve the Government from paying interest on the amounts deposited pursuant to the First Declaration of Taking and before filing of the second Declaration.

 However, the district court had no power to set aside the first amended Declaration of Taking, and its order so doing is void.[5] We may concede, *arguendo*, that a court has jurisdiction to vacate a Declaration of Taking where, contrary to the implied requirements of the statute, the estimate of the value of the condemned property is made by the Government in bad faith. But here the estimate was raised to an amount which the evidence shows to have been arrived at in good faith. Indeed, the court later refused to set aside a Declaration with the same estimate. It is true that the Government did not secure the permission of the court before it amended its Declaration of Taking by increasing the estimated value of the property. It is likewise true that orderly procedure requires that it obtain leave

1. This gave the appellant interest on the full amount of the ultimate judgment from the date of the Government's possession to the date it first deposited money with the court.

2. This gave appellant interest on the difference between the ultimate judgment of $760,778.35 and the $300,000 on deposit during this period.

3. This gave appellant interest on the difference between the ultimate judgment of $760,778.35 and the $500,000 on deposit during this period.

4. This gave the appellant interest on the difference between the ultimate judgment

of $760,778.35 and the $642,000 on deposit from December 27, 1953 until the remaining undeposited part of the final judgment was deposited on March 7, 1955.

5. United States v. Hayes, 9 Cir., 172 F.2d 677, 679; United States v. Carey, 9 Cir., 143 F.2d 445, 448–450; United States v. 165.1978 Acres of Land, etc., D.C.E.D. N.Y., 61 F.Supp. 362; cf. United States v. 6.74 Acres of Land, etc., 5 Cir., 148 F.2d 618; United States v. Certain Real Estate, etc., 6 Cir., 217 F.2d 920; United States v. Eighty Acres of Land, D.C.E.D. Ill., 26 F.Supp. 315, 319–320.

of the court to make such an amendment. But the court should have granted the Government such leave, since the amendment could not possibly prejudice the land owner. United States v. 1,997.-66 Acres of Land, More or Less, etc., 8 Cir., 137 F.2d 8; United States v. Certain Land in Centerline, D.C.E.D.Mich., 47 F.Supp. 320. Before granting the motion to vacate the Declaration, the court was well aware of the fact that the Government had amended it. Yet it chose to rest its decision vacating the Declaration on the unamended Declaration of Taking with its lower estimate of value. We think the court erred in thus ignoring the amended Declaration and, since there was no other allegation that the Government acted without statutory authority, the court was without power to vacate and set aside the Declaration of Taking as amended.

■ The money deposited by the Government was at all times available for distribution at the discretion of the trial court. This was true during the interim between the dismissal of the first Declaration of Taking and the filing of the second. Before the dismissal of the first Declaration, appellant requested the court to distribute the fund but later withdrew his request. The Government could not appeal the erroneous order of dismissing the first Declaration since that order was not appealable.[6] Hence, we think applicable the many cases which hold that a deposit of a fund pursuant to the filing of a Declaration of Taking under 40 U.S.C.A. § 258a, prevents the accrual of further interest on the amount deposited.[7] We think the judge's award of interest was correct.

## II. The Commissioners' Appeal.

The Commissioners inspected the property on three different days; they spent 38 days hearing testimony and arguments which filled 4055 pages; they received 113 exhibits in evidence; they devoted considerable time to examining the record and the exhibits and spent 25 days conferring and preparing their report. Furthermore, they spent two weeks in preparing detailed findings of fact and conclusions of law at the request of the district court. For this labor, the district court allowed a total of $11,000 as compensation.

■ The judge's awards to the Commissioners are too low. Two of the Commissioners are practicing attorneys, and the third is an insurance broker. We think that each of the Commissioners should receive $10,000, and that the Chairman should be reimbursed for his expenses.

Affirm on Odenbach's appeal; modified on the Commissioners' appeal.

CLARK, Chief Judge (concurring).

I concur entirely in the opinion on the landowner's appeal; and since the matter is not of permanent significance, I have finally determined to concur in the result on the commissioners' appeal. I agree that the amounts awarded the commissioners by the district judge were quite low for professional services and that we ought not to penalize the commissioners because their erroneous conception of governing principles robbed their work of much of its effectiveness—though it is difficult to see why they persisted after the very direct admonition implicit in the judge's return of the matter to them for more adequate findings. But having in mind the range of discretion vested in the judge and the amounts payable in comparable cases in New York and in the T. V. A. condemnations, I think a doubling of the awards made below would have been quite generous. I fear that so substantial a cost of proceedings so considerably abortive will prejudice the future use of the often

6. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; United States v. Hayes, 9 Cir., 172 F.2d 677, 679, 682; McKendry v. United States, 9 Cir., 219 F.2d 357.

7. See e. g., United States v. 53¼ Acres of Land in, etc., Brooklyn, 2 Cir., 176 F.2d 255, 258; United States v. City of New York, 2 Cir., 186 F.2d 418; United States v. Miller, 317 U.S. 369, 381, 63 S. Ct. 276, 87 L.Ed. 336.

convenient state practice of valuation by commissioners in governmental taking of private property. For under F.R. 71A (h) either party may claim trial by jury, and the judge has only a very limited power (which he will naturally be hesitant to exercise) to override such claim.