**UNITED STATES of America, Plaintiff,**

v.

**CERTAIN INTERESTS IN PROPERTY IN HILLSBOROUGH COUNTY, State of FLORIDA; Tampa Bay Garden Apartments, Inc., et al., Defendants.**

**Civ. No. 3310.**

United States District Court
S. D. Florida,
Tampa Division.

March 27, 1958.

On Motion to Set Aside Order and for Rehearing May 12, 1958.

Robert F. Nunez III, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Chester H. Ferguson, Tampa, Fla., for defendants Tampa Bay Garden Apartments, Inc. and Tampa Bay Manor, Inc.

BARKER, Chief Judge.

This is a suit wherein the United States seeks to acquire two housing projects located at MacDill Air Force Base, Florida, under Public Law 1020, 84th Congress, 2nd Session, 42 U.S.C.A. § 1594a(a–c).

The interest to be acquired by the United States being the leasehold interests of the defendants, Tampa Bay Garden Apartments, Inc. and Tampa Bay Manor, Inc., covering the various properties described in the complaint, as amended, and Declaration of Taking, as amended. The matter is now before the Court upon Motion of the defendants, Tampa Bay Garden Apartments, Inc. and Tampa Bay Manor, Inc., to Dismiss the Complaint, as amended, and to Vacate the Declaration of Taking, as amended.

The Court is of the opinion that the Motion to Dismiss the Complaint, as amended, should be denied. It is further of the opinion that the Motion to Vacate the Declaration of Taking, as amended, should be granted for the reasons hereinafter set forth.

The basis for the above named defendants' attack on the Declaration of

Taking, as amended, is that the sum of money deposited with the Declaration of Taking, as amended, is not just compensation arrived at in good faith for the property of said defendants sought to be taken by the United States. That the Court has jurisdiction to determine whether the amount of deposit is just compensation arrived at in good faith is well settled. United States v. 44.00 Acres of Land, D.C., 110 F.Supp. 168 and 2 Cir., 234 F.2d 410, and cases cited therein.

The Court in arriving at its opinion that the Motion to Vacate the Declaration of Taking, as amended, should be granted reviewed the allegations of the pleadings and the documentary evidence submitted in chronological order. It appears from the evidence that the United States followed a certain procedure, including an offer to purchase by contract, the property, the subject matter of this cause.

On July 12, 1957, Robert A. McDonald, Acting Assistant Secretary of Defense, wrote to the Chairman of the Committee on Armed Services, United States Senate, submitting a report on the acquiring of the projects involved in this cause, wherein the value of the interest sought to be taken is stated to be ................$1,617,917.00
On August 21, 1957, the said Committee wrote to the Assistant Secretary, stating it had no further questions to ask pursuant to Section 419, Public Law 968, 84th Congress, 42 U. S.C.A. § 1594g.
On December 23, 1957, James B. Porter, Lt. Colonel, U. S. Air Force, Chief, Wherry Acquisition Group, wrote to Albert G. McCarthy (an officer of the two defendant corporations) wherein the Air Force offered the said Defendants for their leasehold the sum of .........$1,080,000.00
On December 30, 1957, McCarthy wrote to the aforesaid Porter, declining the above offer.
On January 27, 1958, a Declaration of Taking was filed in this Court, signed by Lyle S. Garlock, Assistant Secretary of the Air Force, wherein it was stated that just compensation for the two projects was the sum of .........$ 100,000.00
This compensation was further fixed by a letter from the said Garlock to the Attorney General under date of January 17, 1958. The said sum was deposited with the Clerk of the Court. Two hearings were had on the sufficiency of the Complaint and Declaration of Taking. After the hearings it was decided, without order of but with consent of the Court, that the United States could amend its pleadings. During the two hearings the United States did not offer any evidence or appraisal to substantiate the allegation of just compensation.
Thereafter the Complaint and Declaration were amended.
On March 3, 1958, an Amended Declaration of Taking was filed signed by Lyle S. Garlock, Assistant Secretary of the Air Force, in which it is stated that the just compensation for the property sought to be taken is .....$ 400,500.00

The above defendants filed Motions to Dismiss the Complaint, as amended,

and to Vacate the Declaration of Taking, as amended.

It is these latter Motions that are now before the Court. At the hearing thereon the above defendants contended the compensation stated in the Declaration of Taking, as amended, was not just compensation arrived at in good faith for the properties involved, stressing the evidence outlined. During the oral argument the United States, through its counsel, referred to an appraisal that would sustain the compensation set out in the Declaration of Taking, as amended, but no such appraisal was offered in evidence or submitted to the Court for inspection. It is the Court's belief that the words "just compensation" should be taken as meaning what they indicate in normal every day conversation. From the above outline of the pleadings and evidence it is apparent that the United States, in this matter, has suffered an unusual vacillation of positions. In spite of this vacillation of the United States, it offers no explanation whatsoever to sustain or warrant its Declaration of Taking, as amended, for the compensation therein set forth. It is well to bear in mind that the above evidence in regard to the value of the interest sought to be taken are the statements of officers of the United States, not evidence submitted by the defendants in question. The conflicting positions of the United States in regard to the value of the interest in the properties is strikingly made to appear by the following valuations determined by the United States and the dates they were made:

| | | |
|---|---|---|
| July 12, 1957, | Value | $1,617,917.00 |
| December 23, 1957, | Value | 1,080,000.00 |
| January 27, 1958, | Value | 100,000.00 |
| March 3, 1958, | Value | 400,500.00 |

In view of the above evidence, the Court could under no theory hold that the sum of $400,500 was just compensation arrived at in good faith for the taking of the above defendants' interest in the properties described in the Complaint, as amended, and in the Declaration of Taking, as amended.

Order in accordance with this opinion will be entered.

#### On Motion to Set Aside Order and for Rehearing

This cause came on to be heard upon Motion of the United States to set aside the Court's Order vacating the Declaration of Taking, as amended, and for a rehearing of said Order. The Court has examined the said Motion and considered the brief attached to and made a part of said Motion. The Government in its Motion and in its brief raises 3 grounds for the granting of the relief sought by said Motion.

First: That the Court is without jurisdiction in this cause to set aside the Declaration of Taking.

Second: That the estimated amount of compensation as determined by the Secretary of Defense is conclusive upon the Court and that the Court has no right to hear or determine whether the amount deposited with the Declaration of Taking is estimated just compensation.

Third: That there is a difference between estimated just compensation and just compensation.

The arguments raised in said Motion were the same as argued before the Court at the time of the entry of its Order vacating the Declaration of Taking, as amended. The Statute under which this proceeding was brought (Title 42, Sec. 1594a(a-c), U.S.C.A.) requires that an estimated just compensation must be deposited in order for the Declara-

tion of Taking to be effective. The Court cannot agree with the United States that it was the intention of Congress to authorize the Secretary of Defense to deposit any sum of money he might see fit without the privilege of the landowners to have the same reviewed by the Courts. If the amount of estimated just compensation is solely within the discretion of the Secretary of Defense, the United States in filing a Declaration of Taking could be permitted to deposit the sum of $1, no matter how valuable the property taken might be. It is significant that the Statute provides that estimated *just* compensation must be deposited. If it were the intention of Congress that the estimate of compensation was solely within the discretion of the Secretary of Defense, why did Congress insert the word "just"? This Court is of the opinion that the insertion of the word "just" necessarily implies that Congress intended for the Court, in a litigated case, and especially where, as here, the issue of the lack of good faith was presented timely and amply supported by the letters of the United States which were admitted in evidence, to determine whether the sum deposited, with the Declaration of Taking, was an "estimate of just compensation."

The Court, in arriving at its decision in entering the Order to vacate the Declaration of Taking, considered that the various valuations placed upon the leasehold interest, sought to be condemned, by the Government, in the letters introduced in evidence, were estimates on the part of the Secretary of Defense as to just compensation for the property sought to be taken, and, as pointed out in the memorandum opinion heretofore filed, there is great disparity between the several estimates of just compensation made by the Government. It is, therefore, the opinion of the Court that the Motion of the United States, as hereinbefore described, should be denied. An Order in accordance with this opinion will be entered.