In re UNITED STATES of America Praying for a Writ of Mandamus or Writ of Prohibition.

No. 17267.

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1958.

See, also, D.C., 161 F.Supp. 424.

Perry W. Morton, Asst. Atty. Gen., Roger P. Marquis and Harold S. Harrison, Attys., Dept. of Justice, Washington, D. C., James L. Guilmartin, U. S. Atty., Miami, Fla., Robert F. Nunez, III, Asst. U. S. Atty., Tampa, Fla., for petitioner.

Chester H. Ferguson, John M. Allison, Tampa, Fla., for respondent.

Before HUTCHESON, Chief Judge, and JONES and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This is a petition for mandamus or prohibition to compel the district judge to set aside an order [1] vacating a declaration of taking, as amended, entered by him in a condemnation proceeding,[2] and

1. Order:

"This cause coming on to be heard upon motion of the defendants, Tampa Bay Garden Apartments, Inc. and Tampa Bay Manor, Inc. to dismiss the complaint, as amended, and to vacate the declaration of taking, as amended, filed herein, and the court having heard argument of counsel for the respective parties, having examined the pleadings and evidence submitted, and being fully advised in the premises, it is thereupon—

"Ordered and Adjudged that the motion of the said defendants to dismiss the complaint, as amended, be, and it is hereby, denied.

"It is further Ordered that the motion of said defendants to vacate the declaration of taking, as amended, be, and the same is hereby granted and said declaration of taking, as amended, is hereby vacated.

"It is further Ordered and Adjudged that the United States is hereby allowed sixty days in which to file an amended declaration of taking.

"Done and Ordered in Tampa, Florida, this the 27th day of March, 1958."

2. This is the record. On Jan. 29, 1958, a declaration of taking having been filed and a deposit of $100,000 as estimated compensation having been made, the United States, in No. 3310, Civil, in the United States District Court for the Southern District of Florida, 161 F.Supp. 424, filed a complaint in condemnation to acquire lessees' interest in so called "Wherry" housing near MacDill Air Force base, Tampa, Florida, subject to real and chattel mortgages, praying therein that just compensation be ascertained and awarded, and for an order for surrender of possession effective Jan. 31st.

The defendant, alleging as grounds therefor the absence of allegations in the complaint that the statutory provisions had been complied with and that the amount deposited was so inadequate as to evidence bad faith and to constitute a fraud on them, filed a motion to vacate the declaration of taking or, in the alternative, to withhold the order of possession until an amended declaration of taking had been filed containing a proper estimate of just compensation which defendants alleged to be not less than $1,-617,917.

A hearing was had and the district judge, stating that he would let the declaration of taking stand, with leave to amend to show that all conditions had been complied with and that the United States is entitled to an order of possession, the United States amended its complaint to show compliance with all statutory requirements and to fix March 31st as the effective date of the order

to proceed to enter an appropriate order granting possession of the property here involved to the United States under the provisions of the Act of Feb. 26, 1931, 46 Stat. 1421, 40 U.S.C.A. § 258a, and the Act of August 7, 1956, 42 U.S.C.A. § 1594a.

Two questions are presented for decision:

(1) Is Mandamus available to test the validity of the complained of order?

(2) Is the order invalid as claimed?

For the reasons hereafter briefly stated and upon the authorities cited in support, we think it clear that both questions must be answered in the affirmative.

■ As all, including the petitioner, agree, the order is not appealable. Dade County, Florida v. United States, 5 Cir., 142 F.2d 230; Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911; United States v. Richardson, 5 Cir., 204 F.2d 552.

■ On the other hand, we are in no doubt that this is a proper case for the issuance of the alternative writ under the principle applied in Richardson's case, supra, in denying its issuance there:

" * * * We are in no doubt that we have jurisdiction to issue an alternative writ in a proper case but these writs as was said in Ex parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 1559, 91 L.Ed. 2041 'should be resorted to only where appeal is a clearly inadequate remedy. * * * As extraordinary remedies, they are reserved for really extraordinary causes.' The present case may not be so characterized. The appellant

contends that if a writ is not granted it is left without a remedy and that the power of reviewing will be defeated. Further that the order for examination constituted not only an abuse of discretion but an error as to the scope of the court's authority under the rules." 204 F.2d at page 556.

Indeed, the order granting defendant's motion to vacate the declaration of taking presents a perfect case for relief by mandamus, since it was not the function, and it was beyond the power, of the court to make such an order, and therefore no question of the use or abuse of discretion is presented. This is settled by the cases,[3] as quotations from some of them will show.

In Dade County, Florida v. United States, 5 Cir., 142 F.2d 230, 231, this court, saying:

"The court does not award the right of possession nor adjudge the title. * * * The law gives the right of possession, apparently without the necessity of any court order, though it is orderly and decent to get one."

goes on to say:

"The statute declares: 'Upon the filing of said declaration of taking and the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands * * * shall vest in the United States of America * * * and the right to just compensation for the same shall vest in the persons entitled thereto.' It does not matter whether the court makes any order about it or not.

---

to surrender possession, and at the same time amended its declaration of taking and its estimate and deposited additional funds to bring the total up to $400,500. Thereupon the defendants moved to dismiss the complaint as amended to vacate the declaration of taking as amended and to deny an order of possession, and the district judge entered the order under attack here.

3. Dade County Florida v. United States, 5 Cir., 142 F.2d 230; United States v. Carey, 9 Cir., 143 F.2d 445; United States v. Hayes, 9 Cir., 172 F.2d 677; United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336; United States v. 6.74 Acres of Land, etc., 5 Cir., 148 F. 2d 618; United States v. 44.00 Acres of Land, etc., 2 Cir., 234 F.2d 410; United States v. 1,997.66 Acres of Land, More or Less, 8 Cir., 137 F.2d 8.

The Act proceeds to say: 'and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein.' That is the real and substantial function of the court. That judgment is the essential and final one."

United States v. Dow, 357 U.S. 17, 78 S.Ct. 1039, 1045, 2 L.Ed.2d 1109, is to the same effect. There the court said:

"The Taking Act does not bestow independent authority to condemn lands for public use. On the contrary, it provides a proceeding 'ancillary or incidental to suits brought under other statutes,' Catlin v. United States, supra, 324 U.S. [229] at page 240, 65 S.Ct. [631] at page 637, 89 L.Ed. 911. Such a proceeding can be instituted either at the commencement of the condemnation suit under the 'other statutes' or, as in this case, after such a suit has been commenced and either before or after the Government has taken possession. *In both situations the Taking Act enables the United States to acquire title simply by depositing funds 'for or on account' of the just compensation to be awarded the owners, rather than by making payment pursuant to a court order. In those cases where the Government has not yet entered into possession, the filing of the declaration enables it to enter immediately and relieves it of the burden of interest from the time of filing to the date of judgment in the eminent domain proceedings.* See United States v. Miller, supra, 317 U.S. [369] at pages 380–381, 63 S. Ct. [276] at pages 283–284, 87 L.Ed. 336.

"*The scheme of the Taking Act makes it plain that when the Government files a declaration before it has entered into possession of the property the filing constitutes the 'taking.'*" (Emphasis supplied.)

In United States v. 6.74 Acres of Land, 5 Cir., 148 F.2d 618, 620, this court said:

"We conclude that under the Congressional Acts the necessity of the taking and the extent of the title to be taken are questions vested exclusively in the Secretary of War, and that upon the filing of the declaration of taking and the depositing of the money in the registry of the court neither appellee nor the court below could assail or in anywise limit the title which immediately passed to the Government thereunder."

Even respondents in effect concede in their brief that the order vacating the declaration of taking is on its face invalid. They undertake to avoid the consequences of the concession by arguing that the order, though on its face an order vacating the order of taking, an order beyond the court's power to make, should be treated as an order denying possession and referred for its authority to the last two sentences of Sec. 258a, Title 40:

"Upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner. The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

In his answer to the petition, the district judge gives expression to the view that the provision in the statute that the declaration of taking shall contain or have annexed thereto "a statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken", means a good faith, fair, and honest estimate, and that this provision, taken with the further provision of the statute, "upon the filing of a declaration of taking, the court shall have power to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioners", authorizes the district judge, when he is of the opinion, on the record, that the amount rendered does not constitute estimated

just compensation as required by law, to find and hold that the declaration of taking was not filed in good faith but arbitrarily, and, on the basis of that finding, to vacate the declaration and refuse the requested order of possession.

■ With deference to the contrary views of the district judge, we deem the settled law to be that the purported bad faith exception to the rule of finality of the administrative estimate of just compensation does not exist, that, in short, the courts have no jurisdiction to review the amount of estimated compensation, none to set aside or vacate a declaration of taking, none to refuse a declaration of possession on the grounds asserted here. If the law were otherwise, a district judge, under the guise of determining whether the declaration of taking was in good faith and the amount tendered sufficient to escape the charge that it was arbitrary or fraudulent, could superintend the whole act of taking, vesting title, and acquiring possession, and thereby prevent its accomplishment unless the amount estimated measured up to his idea of what that amount should be. This court, in United States v. 6.74 Acres of Land, supra, has held precisely to the contrary. Cf. Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 and Starr v. Nashville Housing Authority, 354 U.S. 916, 77 S.Ct. 1378, 1 L.Ed.2d 1432.

The nature and purposes of the Declaration of Taking Act were described as follows in United States v. Miller, 317 U.S. 369, 381, 63 S.Ct. 276, 283, 87 L.Ed. 336:

"*The purpose of the statute is two-fold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property. The Act recognizes*

*that there may be an error in the estimate and appropriately provides that, if the judgment ultimately awarded shall be in excess of the amount deposited, the owner shall recover the excess with interest.* * * * *"* (Emphasis supplied.)

In the same case, the Supreme Court thus rejected the argument advanced here that the amount of the estimated compensation was a matter of the court's concern:

"*The payment is of estimated compensation; it is intended as a provisional and not a final settlement with the owner; it is a payment 'on account of' compensation and not a final settlement of the amount due. To hold otherwise would defeat the policy of the statute and work injustice;* would be to encourage federal officials to underestimate the value of the property with the result that the Government would be saddled with interest on a larger sum from date of taking to final award, and would be to deny the owner the immediate use of cash approximating the value of his land."

The statute itself is clear. It provides that the declaration of taking contain a statement of the sum of money "estimated by said acquiring authority to be just compensation for the land taken." Congress plainly gave the acquiring authority, not the courts, the function of estimating just compensation for this purpose. And the lack of court review is evident from the fact that when the declaration is filed and the deposit made in court "title to the said lands * * * shall vest in the United States of America, and said lands shall be deemed to be condemned * * *." Had Congress intended court review of the declaration or the amount of the estimate it would have provided for some court action by way of approval before title passed. It did not require any court action in this particular. Likewise, because it did not contemplate any court action, it made no provision for response by the condemnee

or even for notice prior to vesting of title.

■■ It should be noted that the deposit in no way affects substantial rights of land owners. Catlin v. United States, supra, and that the estimate in no way binds them as to just compensation, indeed has "no bearing whatsoever on value". Chapman v. United States, 10 Cir., 169 F.2d 641. In short, all the decisions show that the estimating and tendering is within the control of the government and that no one has the constitutional right to receive just compensation before the property is taken. United States v. Dow, supra, and the numerous cases holding the same way.

■ The order complained of is erroneous and may not stand. Since, however, the district judge has stated in his response, "Of course, I will abide by any order entered in the premises", and it is not our practice to direct a writ to issue against a district judge, the clerk will furnish a copy of this opinion to the district judge for his guidance, and no formal writ will issue.