328 F.2d 115
 UNITED STATES of America, Appellant,
v.
William Lucian COBB, etc., and 40.52 Acres of Land in Siskiyou County, State of California, Appellees.
UNITED STATES of America, Appellant,
v.
Hon. Sherrill HALBERT, Respondent.
 No. 18836.
 No. 18965.
 United States Court of Appeals Ninth Circuit.
 February 19, 1964.
 
 Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis and A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., J. Harold Weise, and Charles R. Renda, Asst. U. S. Attys., San Francisco, Cal., for appellant.
 Hurley & Bigler, Yreka, Cal., Morley, Thomas & Orona, Lebanon, Or., and Weatherford, Thompson & Horton and Orval Thompson, Albany, Or., for appellees.
 Before POPE, JERTBERG and BROWNING, Circuit Judges.
 POPE, Circuit Judge.
 
 
 1
 In this case the Government sought to condemn a right of way through the Rogue River National Forest over some unpatented mining claims for access to certain timber stands. In connection with the condemnation it filed a declaration of taking and deposited the sum of $1.00 as the estimated amount of damages or value involved, pursuant to the Act of February 26, 1931, 46 Stat. 1421, 40 U.S.C. § 258a-e. The Government's effort was to condemn a right of way for a road which would be destructible, that is to say, which appellees could cut through or destroy in the process of mining their claims.
 
 
 2
 By certain maneuvers, not here material, appellees sought an order of the district court dismissing the declaration of taking on the ground that the estimate of just compensation was not made in good faith. The right of the trial judge to dismiss or vacate the declaration of taking, or to make inquiry as to whether the estimate of just compensation was made in bad faith, was challenged by the Government. The court, however, proceeded to make a finding of bad faith, denied the Government's motion for an order of immediate possession, and ordered the declaration of taking set aside and vacated "without prejudice to plaintiff, if it so desires, to file an amended declaration of taking."
 
 
 3
 This court has held in United States v. Carey, 9 Cir., 143 F.2d 445, 450, and in United States v. Hayes, 9 Cir., 172 F.2d 677, 679, that when a declaration of taking is filed and deposit is made, title vests in the United States and the district court is powerless to dismiss the proceedings. In accord is United States v. 2,974.49 Acres, 4 Cir., 308 F.2d 641. There was no mention in those cases of a possible question of bad faith. Nor is there any holding that it is within the power of the district court, on the basis of a finding of lack of good faith, to set aside or vacate a declaration of taking. In re United States, 5th Cir., 257 F.2d 844, holds that there is no such power.[1] The statute contains no such provision. If such power exists it must be implied.
 
 
 4
 We agree with the Fifth Circuit decision just cited, particularly in view of the fact that there is no contrary authority, and despite a few dicta or references to the possibility of vacating a declaration of taking on the ground of lack of good faith.[2]
 
 
 5
 In the first place, the administrative officials have been delegated the authority to make the declaration of taking and to make the estimate. In this case, the estimate was made by the Assistant Secretary of Agriculture. There is nothing in the statute which suggests that the district court has any right to review the action of the Assistant Secretary. In its opinion the court conceded that an inquiry into the sufficiency of a deposit is not permissible.[3] A reading of the opinion as a whole makes it plain that the conclusion as to bad faith was based in part upon the Judge's belief that the sum of $1.00 was inadequate.
 
 
 6
 The main objection to permitting the Judge to go into the question of good faith is that he thereby could do what he clearly is not authorized to do, namely, pass upon the appropriate amount of deposit. If, for instance, $50,000 were deposited and the Judge were of the opinion that fair compensation would be $500,000, he could, under the guise of passing on good faith, say that the discrepancy proved lack of good faith. The result would be that in practically every case of contested condemnation the defendant would first try the question of good faith, and thereafter the question of just compensation would have to be tried all over again. This, we think, was not within the contemplation of Congress.
 
 
 7
 Of course, it is elementary that the Government could take the property without any deposit and leave the owner to his remedy in the Court of Claims under the Tucker Act. United States v. Dow, 357 U.S. 17, 21, 78 S.Ct. 1039, 2 L.Ed.2d 1109. That on occasions a nominal sum such as $1.00 may properly be deposited is plain. State of Washington v. United States, 9 Cir., 214 F.2d 33.
 
 
 8
 A finding of bad faith is not supported by the record here. The trial judge went at length into the report of a mining engineer named Suchy and found numerous faults with the report and its logic. In our view it was impermissible to make such inquiry into the basis of the Assistant Secretary's action. If this could be done, it would also be permissible to show that the engineer making the report had at one time a position with one of the defendants, causing him to be biased and prejudiced.
 
 
 9
 The Government claims that the order is reviewable by appeal under the collateral orders doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The appellees agree. There may be some doubt about this question, since the court's order authorized the filing of an amended declaration. Without finally deciding the matter, it may be said that, if the order is not appealable, it is of such character that it may be reviewed by way of mandamus because it is an order which completely disrupts the further orderly proceedings in condemnation. See In re United States, supra. Both an appeal and a petition for mandamus have been presented here.
 
 
 10
 The order of the district court is vacated. That court is directed to make proper orders to that end.
 
 
 
 Notes:
 
 
 [1]
 "[W]e deem the settled law to be that the purported bad faith exception to the rule of finality of the administrative estimate of just compensation does not exist, that, in short, the courts have no jurisdiction to review the amount of estimated compensation, none to set aside or vacate a declaration of taking, none to refuse a declaration of possession on the grounds asserted here." 257 F.2d at 848
 
 
 [2]
 E.g., United States v. 45.33 Acres of Land, 4 Cir., 266 F.2d 741, 743; United States v. 44.00 Acres of Land, 2 Cir., 234 F.2d 410, 415
 
 
 [3]
 "I am also of the view that any contention that a bad faith estimate has been made is cognizable before the courts. * * * Such an inquiry is to be distinguished from an inquiry into the sufficiency of a deposit which clearly is impermissible (See: Berman v. Parker, 348 U.S. 26, and In re United States, supra)."