STATE of Alaska, Petitioner,

v.

**4.62 ACRES, MORE OR LESS; Allen Vezey, Mrs. A.G. Blake, aka Lisette Eva Blake; the Estate of Lisette Eva Blake, all of her heirs, devisees, legatees, or assigns; Albert Ramsey; the Estate of Albert Ramsey, all of his heirs, devisees, legatees, or assigns; and also all other persons or parties unknown claiming a right, title, estate, lien, or interest in the real estate described in the complaint in this action, Respondents.**

STATE of Alaska, Petitioner,

v.

**17.727 ACRES, MORE OR LESS; Sitnasuak Native Corporation; Bering Straits Native Corporation; and also all other persons or parties unknown claiming a right, title, estate, lien, or interest in the real estate described in the complaint in this action, Respondents.**

No. S–476.

Supreme Court of Alaska.

Aug. 23, 1985.

Linda L. Walton, Asst. Atty. Gen., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner.

William R. Satterberg, Jr., Fairbanks, for respondents.

Donald C. Mitchell, Anchorage, for amicus curiae Alaska Federation of Natives.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

PER CURIAM.

Following the filing of a Declaration of Taking by the state, the superior court ordered the state to conduct exploratory drilling on the property in question to determine whether it contained gold deposits. We granted review from this order and now reverse it.

A Declaration of Taking must "contain a statement of the amount of money estimated by the plaintiff to be just compensation for the property or the interest in it." AS 09.55.430(6). The Declaration must be accompanied by a deposit of money in the amount of the estimate of just compensation. AS 09.55.440(a). The responsibility for estimating just compensation lies with the acquiring authority and the estimate is reviewable, if at all, only for bad faith. *In re United States*, 257 F.2d 844 (5th Cir.) *cert. den.* 358 U.S. 908, 79 S.Ct. 234, 3 L.Ed.2d 228 (1958); 5 Nichols, The Law of Eminent Domain § 18.7, at 18–391–94 (rev. 3d ed. 1981). Here there is no credible evidence that the state acted in bad faith. The order of the superior court is REVERSED.