UNITED STATES of America, Plaintiff,

v.

CERTAIN TRACTS OF LAND IN The CITY OF RICHMOND, COUNTY OF CONTRA COSTA, STATE OF CALIFORNIA, Harry Davis, et al., and Unknown Owners, Defendants.

No. 35615.

United States District Court
N. D. California, S. D.
July 5, 1957.

Lloyd H. Burke, U. S. Atty., J. Harold Weise, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Henry V. Colby, McKeon & Colby, Henry Rolph, Graham, James & Rolph, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

■ Certain of the landowner defendants have moved this Court for the appointment of a commission to determine the issue of just compensation. This action is against approximately 500 defendants for the condemnation of approximately 710 parcels of land located in the City of Richmond, County of Contra Costa, State of California. These 710 parcels are located in an area of approximately 60 square blocks, and contain approximately 1,230 city lots situate in a number of tracts or subdivisions in the City of Richmond. One of the defendants, Milton Meyer, claims to be the owner of 143 parcels containing an aggregate number of 300 city lots. Joining with Meyer are 67 other defendants claiming to own 72 parcels. The aggregate number of lots included in the 72 parcels has not yet been calculated, but many of the parcels contain multiple lots, and the aggregate number of lots would be substantially in excess of the number of parcels. The parcels here represented are scattered throughout the 60 square block area, and present a variety and multiplicity of valuation problems. For example, the defendant Meyer asserts:

"These one hundred forty three (143) parcels are widely dispersed at many different locations within said area; they front on many different boulevards, avenues and streets; they are of varying sizes and shapes; they are subject to a variety of zoning; several parcels are affected by an open drainage ditch; many parcels consist of plottages or assemblages composed of from two to ten lots per parcel; some parcels have interior locations and others have corner locations; some parcels are adjacent to built up residential areas and others are not; and the character and quality of the street, curb and sidewalk improvements in front of these parcels is not uniform."

The same factors are true concerning the parcels owned by the other moving defendants with the additional factor that there is a multiplicity of owners.

The Government suggests that these facts do not create any problems which could be better tried to a commission than to a jury. It asserts that the main issue here is one of compensation, and that by appropriate pre-trial procedures this question could be reduced to understandable proportions, so that it could be presented properly to a jury.

■ The Court is persuaded that this situation calls for the exercise of the discretion of the Court in favor of the use of a commission. "The character, location and quantity of the property to be condemned" are such that they would present confusing and difficult questions for a jury. The motion is addressed to the sound discretion of the Court. The cases which have construed Fed.Rules Civ.Proc. Rule 71A(h), 28 U.S.C.A., indicate that a jury trial

should be preserved to the parties unless there are special circumstances concerning the character, location or quantity of the property. Each case must turn on its own facts. It seems to the Court that the diverse ownerships and the scattered locations of the parcels involved with the variety of the valuation problems stemming from the nature and character of the community present problems which are most difficult of solution before a jury. The Court is influenced by its prior experience in the trial of an action involving the condemnation of a 4 square block area within the 60 square block area here involved, and which involved 40 parcels embracing 71 lots. (Civil Action #34816) The issue of just compensation was tried to a jury, and it was only by reason of a stipulation of the parties and because of the limited area involved that a comprehensible question was presented to the jury. Counsel for the landowners advised the Court that in this case such a stipulation is impossible. Having tried the other case, and having heard the arguments in this case the Court is not persuaded that pre-trial procedures will reduce the question to manageable proportions. As an example of this, the Government has already set the pattern for valuation by creating 32 separate valuation categories in its deposits in the Registry of the Court for the value of the properties taken. Counsel for the landowners advise that the landowners will contend that there are additional categories of valuation because of factors which have not been considered by the Government.

Accordingly the Court will make an order appointing a commission to determine the issue of just compensation for the lands of the moving parties. Counsel for defendant Meyer has presented a form of order which is acceptable to the Court, but which must be modified to meet the facts and circumstances of the defendants represented by Graham, James and Rolph. Rather than make two orders the Court directs counsel for the defendant Meyer and the firm of Graham, James and Rolph, counsel for the other moving landowners to confer and prepare and present one form of order to cover all of the moving parties.