**UNITED STATES of America,**
**Plaintiff,**

v.

**CERTAIN TRACTS OF LAND IN THE CITY OF RICHMOND, etc., et al.,**
**Defendants.**

**Civ. No. 35615.**

United States District Court,
N. D. California, S. D.

Jan. 7, 1959.

United States Attorney's office informs the Court that after the findings of the Commission on the disputed parcels, the remaining parcels have all been disposed of by settlement upon the findings of the Commission in the disputed parcels. There remain but a few isolated parcels, and therefore no useful purpose would be served in keeping the Commission in existence, and the Commission will be discharged at this time.

There remains the issue of compensation to be awarded to the Commissioners for the work done. The order of reference to the Commission submitted approximately 200 parcels of land, containing approximately 400 lots in the City of Richmond, and involving 68 ownerships. The facts are more fully set forth in D. C., 21 F.R.D. 389, supra. The work of the Commission is set forth in part III of the report of the Commission as follows:

"(1) On October 21, 1957, the pre-trial conference was held, and, counsel stipulated that the Commission could view the subject and surrounding areas, at any time thereafter, without the presence of counsel. On October 25, 1957, in the afternoon, the Commissioners first visited and viewed the subject area.

"(2) Hearings commenced before the Commission on October 28, 1957. They were held in the United States Post Office and Court House Building, San Francisco.

"(3) Hearings and oral arguments (including another one-half day view), required 15 days, two (2) of which were Saturdays, and terminated on November 29, 1957.

"(4) The Commission found it necessary and desirable to view the subject parcels, and parcels submitted as comparables by the parties, on three (3) additional half days.

"(5) The Commission spent twenty-two (22) days, in conference studying all exhibits, reviewing approximately 1550 pages of transcript, arriving at decisions respecting the fair market value of more

Robert H. Schnacke, U. S. Atty., J. Harold Weise, Asst. U. S. Atty., San Francisco, for plaintiff.

Henry V. Colby, McKeon & Colby, Henry Rolph, Graham, James & Rolph, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

The United States has moved for an order discharging the Commissioners herein, and for an order determining compensation for services rendered.

On October 9, 1957, the Court referred the issue of just compensation as to certain parcels in this action to a Commission, which was created pursuant to a memorandum filed July 5, 1957, and which is reported in D.C., 21 F.R.D. 389. Subsequently, and on December 26, 1957, this Court ordered that the balance of the parcels for which the issue of just compensation had not been determined be referred to the Commission for disposition.

The Commission heard the evidence concerning the disputed parcels, and on February 28, 1958, filed its report. The

than two hundred (200) subject parcels, and in preparation of this Report.

"(6) In addition, each of the Commissioners, working independently, spent a substantial amount of time, reviewing the transcript and preparing schedules and materials for this Report."

Thus it can be seen that the Commission spent 16½ days in hearings, or in viewing the property, and 22 days in conference, a total of 38½ days. In addition, each of the Commissioners spent a substantial amount of time working independently.

The result of the work of the Commission was most satisfactory in at least two respects. First, the report of the Commission as to the disputed parcels was accepted by the parties with three or four minor exceptions, and these exceptions were adjusted without further dispute; and secondly, the findings of the Commission as to the disputed parcels have been used as the basis for settlement of most of the remaining parcels, so that, it is expected that the remainder of the case will be disposed of without requiring any further trials. While it is difficult to estimate with any degree of accuracy the number of jury trials which would have been required to dispose of the issue of just compensation as to the contested parcels, it is the opinion of the Court that a conservative estimate would be from six to twelve jury trials. This is so because of the diversity of ownership, the scattered location of the parcels involved, and the variety of valuation problems caused by the different locations of the parcels. Therefore, valuable court time was saved, and a very satisfactory result was obtained by the use of commission process in this case.

The Commissioners appointed were all lawyers, two of whom are United States Commissioners in this District. They were all men of good professional reputation and with varying experiences in practice, enabling them to give sound judicial consideration to the issues presented.

The reported cases shed very little light upon the amount of compensation to be paid commissioners appointed under Rule 71A(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. In United States v. 15.3 Acres of Land, D.C.M.D. Penn., 158 F.Supp. 122, the court said at page 125:

"They performed their duties in a most competent manner and should be adequately reimbursed for the services rendered."

In United States v. 44.00 Acres of Land, etc., 2 Cir., 234 F.2d 410, at page 416, the court said:

"The Commissioners inspected the property on three different days; they spent 38 days hearing testimony and arguments which filled 4055 pages; they received 113 exhibits in evidence; they devoted considerable time to examining the record and the exhibits and spent 25 days conferring and preparing their report. Furthermore, they spent two weeks in preparing detailed findings of fact and conclusions of law at the request of the district court. For this labor, the district court allowed a total of $11,000 as compensation.

"The judge's awards to the Commissioners are too low. Two of the Commissioners are practicing attorneys, and the third is an insurance broker. We think that each of the Commissioners should receive $10,000, and that the Chairman should be reimbursed for his expenses."

 None of the reported cases discuss the elements upon which the amount of compensation should be based. Here competent professional men spent 38½ days in hearings or conferences, and produced an excellent result. The per diem rate for appearances in the United States District Court for the Northern District of California, Southern Division, is $150, and the per hour fee for office work is $20, according to the schedule of minimum fees and charges of the Lawyers

Club of San Francisco as of January, 1957. While this schedule is not binding upon the Court, the parties, or the Commissioners, it is the opinion of the Court that it represents a fair estimate of reasonable fees charged in the area in which the litigation has been conducted, and will serve as a good guide for testing the reasonableness of the compensation to be paid the Commissioners in this case.

In view of all these factors, it is the opinion of the Court that each of the Commissioners should be paid the sum of $6,000 for services rendered.

It Is, Therefore, Ordered that the Commission appointed herein under the order of reference, and consisting of Messrs. Joseph Karesh, Chairman, Ewart L. Merica and Joseph Aleck, Jr., be and the same is hereby discharged.

It Is Further Ordered that each of said Commissioners be paid the sum of $6,000, as compensation for services rendered.

It Is Further Ordered that the Chairman of the Commission, Joseph Karesh, be paid the sum of $150 to reimburse him for the expenses of preparing the report of the Commission.