STATE of Missouri ex rel. STATE HIGH-
WAY COMMISSION of Missouri, (Plain-
tiff) Respondent-Appellant,

v.

Frank J. KLIPSCH, Jr., et al., (Defendants),

Glenn P. Boehm, Walter M. Clark and Leon
E. Yatkeman, Commissioners, Ap-
pellants-Respondents.

Nos. 31119, 31120

St. Louis Court of Appeals.

Missouri.

Feb. 19, 1963.

Motion for Rehearing or for Transfer
to Supreme Court Denied
March 18, 1963.

Robert L. Hyder, Bruce A. Ring, Jeffer-
son City, for respondent-appellant.

Walter M. Clark, Bruce E. Woodruff,
Armstrong, Teasdale, Roos, Kramer &
Vaughan, St. Louis, for appellants-respond-
ents.

RAY E. WATSON, Special Judge.

This appeal arises out of an action
brought by the State Highway Commission
in the Circuit Court of St. Louis County
to condemn certain lands owned by the
various defendants named therein for right-
of-way for highway purposes.

Judgment of condemnation was entered on April 13, 1961, and thereafter on April 21, 1961, the court, pursuant to the provisions of Section 523.040 RSMo 1959, V.A.M.S., appointed Glenn P. Boehm, Walter M. Clark and Leon E. Yatkeman as Commissioners to assess damages which the owner, or owners, of each tract might sustain by reason of such appropriation.

On April 24, 1961, the three Commissioners each subscribed to the usual oath which was filed with the Clerk of the Circuit Court on the same day.

On August 23, 1961, the Report of Commissioners was filed and on August 25, 1961, the three Commissioners filed a Joint Petition for Compensation of Commissioners. The petition summarized the services rendered by the Commissioners with reference to 32 tracts of land, 26 tracts of which were appraised, one tract dismissed by the State Highway Commission, and five tracts were settled.

Appraisals were actually reported on thirty-one (31) tracts of land with two tracts being appraised together, so that there were thirty (30) appraisals. The appraisals amounted to a total of $632,824.85 with the lowest amounting to $75.00 and the largest amounting to $85,409.00. Only five (5) tracts were appraised at less than one thousand dollars ($1,000.00), while seventeen (17) tracts were in excess of ten thousand dollars ($10,000.00), and eight (8) tracts were over one thousand dollars ($1,-000.00) and less than ten thousand dollars ($10,000.00).

The Commissioners stated in their petition that services were rendered on approximately seventy (70) different working days, and that approximately two hundred fifty (250) hours were required by each Commissioner to perform said services.

The petition stated that the Commissioners believed a reasonable total fee for their services would be Twenty-seven Thousand Dollars ($27,000.00).

A hearing was held on the Petition for Compensation of Commissioners on August 29, 1961, at which hearing the Commissioners produced testimony in support of their claim for compensation in the amount of $9,000.00 for each Commissioner, and the State Highway Commission produced testimony in opposition to the amount of the claim. This testimony will be analyzed and discussed hereinafter. At the conclusion of the hearing the trial court took the matter under advisement and on August 31, 1961, entered an order allowing compensation for each of the three Commissioners in the amount of $6,500.00.

Thereafter in due time the Commissioners and the State Highway Commission filed separate motions to set aside the order allowing compensation in the amount of $6,-500.00 for each Commissioner, or in the alternative for a new trial. Both motions were overruled by the trial court and in due time the Commissioners filed notice of appeal to this court, and the State Highway Commission filed notice of appeal to this court. The Commissioners are, therefore, appellants and respondents and the State Highway Commission is likewise appellant and respondent. We shall continue to refer to them herein as Commissioners and as State Highway Commission.

Before proceeding to a discussion of the evidence we feel that it is proper to call attention to several matters developed in the evidence or in discussions between attorneys and the court.

The land condemned was for right-of-way for Interstate Highway 55 (Ozark Expressway) with limited access, except as specified in the Petition for Condemnation. The parcels or tracts of land in question were located in an area extending from Lindberg Road (in south St. Louis County) to the St. Louis City limits.

Commissioner Walter M. Clark is an attorney at law residing in Clayton, St. Louis County, but with offices in the City of St. Louis. Commissioners Glenn P. Boehm, and Leon E. Yatkeman are both licensed

real estate brokers residing in St. Louis County. It has apparently been the practice in the St. Louis area to appoint an attorney at law as one of the Commissioners in condemnation cases. It has also been the practice in the St. Louis area for the Commissioners to hold hearings where property owners and their attorneys, if they have employed attorneys, may appear and be heard with reference to the value of the property to be condemned. The St. Louis area is the only place in the State where this practice prevails, except possibly in one other circuit where the judge and the Commissioners conduct hearings.

It is noted at this point that the trial court did not give any instructions to the Commissioners with reference to their duties or instruct them with reference to the law pertaining to appraisals of property involved in condemnation proceedings.

Walter M. Clark testified that he is an attorney at law and after his appointment and taking the oath of office he conferred with Mr. Boehm and Mr. Yatkeman, the other two Commissioners, and reviewed the court file at some length to determine the location of the property, the identity of the owners and the attorneys for the owners. Additional conferences were had with Mr. Roscoe Summers, attorney for the State Highway Commission, and with Mr. Harris, a negotiator for the State Highway Commission, and in company with Mr. Harris the Commissioners went out on three different days and viewed the property involved. The actual amount of land taken by the State Highway Commission was approximately 65 acres.

After viewing the property Mr. Clark determined that he should do some legal research with reference to some of the legal questions involved in this particular proceeding; he felt that a part of his responsibility should be to help the other two Commissioners from the legal standpoint and so he did some rather extensive research with reference to the general law of condemnation and the duties of the Commissioner, and

research with reference to some of the particular problems which he knew would arise. He prepared a rather detailed memorandum for the other two Commissioners for use in the hearings.

Prior to the hearings additional talks were had between the Commissioners, and Mr. Clark prepared a form of notice of hearings which was sent by certified mail to all owners, their attorneys of record, or other representatives. Also prior to the hearings the Commissioners had quite a few conferences with lawyers for the owners.

Hearings were held on twenty-nine or thirty tracts of land. These hearings were held over a period of three or four weeks, but not on every day. The hearings were held on sixteen (16) different days and the actual time spent in the hearing amounted to ninety-six and three fourths hours (96¾). The total time spent by the Commissioners amounted to two hundred fifty (250) hours, and was rendered on approximately seventy (70) different days. The expense of notices of hearings, travel, overhead and other expense was included in the request for allowance of nine thousand dollars ($9,000.-00) for each Commissioner.

The attorney for the State Highway Commission furnished the forms for the Report of Commissioners and the only work in that respect was for the Commissioners to fill in the amount agreed upon as damages for each separate tract of land.

Mr. Clark testified that a reasonable fee for the services rendered was $9,000.00 for each Commissioner, or a total for all three Commissioners of $27,000.00. This amount was calculated on a charge of $35.00 per hour which, in his opinion, was a reasonable rate for his services, that being the rate charged by him as a lawyer, and being a reasonable charge for his time. He stated that he could not testify as to the reasonable value per hour of Mr. Boehm's time or Mr. Yatkeman's time. He did think they were worth every bit of that, but he was not a real estate appraiser. Mr. Clark stated that

overhead in a law office is no small item, there were also expenses incurred in mailing notices and other expenses. Those factors were included in the fee which he was asking in this matter.

Mr. Clark further testified that a transcript was made of the proceedings of the hearings by a reporter. This cost was paid for by the State Highway Commission and the Commissioners were furnished a copy of the transcript.

Mr. Clark also testified that some of the land was farm land being used for truck gardening purposes in the midst of otherwise very well-developed residential areas and there were questions as to the highest and best use; there were also questions as to various improvements on the property, some involving sprinkler systems installed on farm land and the Commissioners were faced with the problem of evaluating those various factors; also another factor was the proposed zoning under the County Land Use Plan.

Glenn P. Boehm, one of the Commissioners, testified that he is a licensed real estate broker, residing at Clayton; that he was licensed as a real estate broker in 1954. He stated that the testimony of Mr. Clark as to services performed jointly by the Commissioners was an accurate summation. He further testified that he and Mr. Yatkeman made an extensive study of the applicable zoning of the property involved and discovered that parcels were differently zoned, and some had multiple zoning; that to better understand the problem the highway right-of-way was superimposed on the plans of the St. Louis County Planning Commission. He stated that he and Mr. Yatkeman made trips to the property in addition to the original viewing by all three Commissioners. The records in the courthouse and in the title companies were reviewed in connection with his services. He devoted all or some of seventy-one (71) days to the project and expended between two hundred fifty (250) and two hundred sixty (260) hours. He stated the fullest day would probably be eight (8) hours, and the least day would probably be thirty-five (35) or forty (40) minutes, and it would be variable all the way through. He testified that the reasonable value of his services in this particular matter would be $9,000.00 and a reasonable fee for all three of $27,000.00. He further testified that he and Mr. Yatkeman worked together at all times and their services were exactly identical; that both he and Mr. Yatkeman are real estate men.

Samuel H. Lieberman, a lawyer, of St. Louis, with some forty (40) years experience, well known and highly respected by both the bench and the bar, testified that he had been present and heard all of Mr. Clark's testimony with respect to the services performed and had discussed previously with Mr. Clark the work done; that in his opinion an hourly rate of $30.00 to $35.00 was reasonable and that a reasonable fee would be $7,500.00 to $9,000.00. He stated upon cross-examination that his opinion as to a reasonable compensation in this case was based on fees charged by attorneys in the St. Louis area. Upon inquiry by the court he stated that he chose the $30.00 an hour charge with recognition that public service was involved.

Charles A. Kober, Jr., of Kirkwood, testified that his business profession is real estate; that he is Vice-President of Clarence M. Turley, Inc., and has been with that firm for over twenty-five years. In addition to a college degree he also holds a law degree. He is a member of several realtor and appraiser organizations and has been a member of the American Institute of Appraisers for seventeen years and is President of the national organization. Members of that organization are designated as an MAI. Later upon inquiry by the court it was developed that an MAI is a member of the Missouri Appraisers Institute which is affiliated with the national organization of American Institute of Appraisers. The witness testified that he had heard the testimony of Mr. Clark and Mr. Boehm and that he would charge for the same services at a rate of $250.00 per day; that the amount he would

charge would be a reasonable charge for the same or similar services in the St. Louis area. He stated that in his opinion a charge of $12,000.00 for each Commissioner would be reasonable. Witness stated that in recent years his work for the Turley organization had been appraisal work; that he had appraised almost every kind of property. When asked on cross-examination concerning appraisals in connection with condemnation proceedings, if the reasonable fee charged in the St. Louis area is $250.00 a day, he stated that his testimony would show that "I said I would charge $250.00 a day."

Leon E. Yatkeman, the other Commissioner, was present and it was agreed that his testimony would be substantially the same as that of Mr. Boehm.

The State Highway Commission produced two witnesses, Roscoe Summers, attorney and right-of-way agent for the Highway Department, with offices at Richmond Heights, and Charles Harris, a right-of-way agent for the Highway Department working out of Urban Area Office at Richmond Heights.

There was very little dispute as to the number of days or hours testified to by the Commissioners. Representatives of the State Highway Commission were present when the Commissioners viewed the tracts of land and at the hearings and there was no substantial dispute as to the amount of time put in by the Commissioners. The dispute in this case is as to what is a reasonable charge for the services rendered.

Mr. Summers testified that he was familiar with this case and attended the hearings held by the Commissioners. He also testified that in obtaining appraisals of damages resulting from the taking of right-of-way by the Highway Department, the Department required the appraiser to submit three copies of a five to eight-page typed appraisal with comparable sales listed and containing pictures; that such appraisers are real estate brokers or professional real es-

tate appraisers, or both and the requirements are that they have fifteen or twenty years' experience and are MAI appraisers, members of the Missouri Institute of Appraisers; that the appraisers must inspect the property and measure it, and are required to show and inspect comparable sales in the area; that their contract with the Highway Department provided no minimum number of appraisals to be made; that after viewing the property additional time is required in making the report and determining the amount of the appraisal; that the Highway Department in the year prior to the hearing in this matter had fifteen (15) such appraisers under contract. Mr. Summers testified that such contract appraisers were paid $50.00 to $75.00 each for normal appraisals, some run as high as $100.00, $150.00, $200.00, and special appraisals in one or two instances $400.00 or $500.00, but the general run for a number of appraisals, probably fifteen or twenty, runs between $50.00 and $75.00.

On inquiry by the court the witness stated that when such appraisers were used as witnesses in a court trial they were paid $100.00 per day and as witnesses before Commissioner Hearings $50.00 per day.

The appointment of commissioners in condemnation proceedings such as in this case is provided for by Section 523.040 Revised Statutes of Missouri, 1959, V.A.M.S., which section set out the qualifications of the Commissioners, their duties, and the procedure to be followed. Under this section it is provided that the Commissioners must be disinterested, freeholders, and residents of the county in which the real estate or a part thereof is situated.

Section 523.070 pertaining to costs, among other things, provides: "The court shall allow the commissioners a reasonable compensation for their services, which shall be taxed as costs in the proceedings."

We turn now to a consideration of the evidence presented in this case. At the outset we are faced with the testimony of

Mr. Clark, one of the three Commissioners, to the effect that he determined that he should do some legal research with reference to some of the legal questions involved in this particular proceeding. After detailing some of the problems involved he stated that he wanted to point out that there were numerous rather perplexing legal questions and for that reason he reviewed the law to some extent and prepared a rather detailed memorandum for Messrs. Boehm and Yatkeman, the two other Commissioners, for their use in the hearings, particularly with reference to some of the rules of evidence.

▪ We think this was not a proper part of the duties of Mr. Clark as a Commissioner. It is the province of the court which appoints the Commissioners to inform them of their duties and responsibilities and to declare the law to them. There are standard forms available for such purpose, and if any special questions of law are present on which the Commissioners require instructions as to the law, the parties involved should call this to the attention of the court through their attorneys and instructions should be prepared and given to the Commissioners to guide them. The fact that an attorney at law happens to be one of the Commissioners would not abrogate the duty and responsibility of the court in this respect.

In the case of City of St. Louis v. Rossi, 333 Mo. 1092, 64 S.W.2d 600, in dealing with a situation which called upon the Commissioners to determine legal matters, Judge Hyde, then Commissioner, stated, 1. c. 605, 606:

"It would be more practical to limit the activities of these commissions to the field with which they are familiar, the consideration of values of property taken, damages to remaining property resulting from the taking, and benefits reflected in increased values resulting from the improvement; and to leave the questions of law which necessarily arise in apportioning the damages when there are several interests in any particular tract to the tribunal which has judicial authority. In short, leave values to the board of commissioners, and law to the court."

As we have heretofore stated, there is very little, if any, dispute as to the amount of time put in by the three commissioners in performing their services. The testimony is that each commissioner put in about the same amount of time and that in general was approximately 250 hours, covering a period of 70 or 71 days. This amounted to approximately 31 and a fraction days. The dispute in this case is not over the amount of time put in by the commissioners in rendering their service, but what is the reasonable value of that time. We think that the reasonable value of that time should be based on fees being charged by others for similar services being rendered in the St. Louis area.

The witness, Charles A. Kober, Jr., testified that he would have charged $250.00 per day and he thought that would be a reasonable fee for his services, but he did not state that would be a reasonable fee based on charges for like or similar services being performed in the St. Louis area.

Mr. Boehm merely testified that the reasonable value for his services in this particular matter would be $9,000.00.

It is quite evident from the testimony of Mr. Clark and that of Mr. Lieberman, and from the argument of Commissioners in their brief that they are attempting to justify their claim of $9,000 by evaluating it with charges made for legal services in the St. Louis area.

The testimony of Mr. Lieberman was that a reasonable fee would be somewhere between $7,500.00 and approximately $9,-000.00. His qualification was with reference to fees charged by lawyers; that Mr. Clark's services were reasonably worth from $30.00 to $35.00 an hour; the court asked him if that was the standard rate that lawyers are charging now and he answered

that the range would depend upon the number of years the lawyer has been in practice, and the particular problem involved. Upon cross-examination he stated that he was basing his opinion on the basis of fees charged by attorneys in the St. Louis area. In response to a further question by the court he stated that he had mentioned the minimum thirty-dollar-an-hour charge, with recognition of the fact that public service is involved.

Mr. Clark's testimony on this point was as follows: "Well, as a lawyer, I would say I feel that $35.00 an hour is a reasonable charge for my time."

In the concluding argument in their brief in this court the Commissioners call our attention to Missouri Supreme Court Rule 4.12 setting out factors to be considered by lawyers in arriving at an amount to be charged for their services and suggest that these time-tested standards might well be employed in the determination of reasonableness of compensation of commissioners in condemnation cases.

■ We cannot and do not agree with this argument. The statute above quoted provides for reasonable compensation for the services rendered by the Commissioners in determining the amount of damages to be awarded to the owners of the various tracts of land involved in the condemnation proceedings. A lawyer may be qualified to serve as a commissioner, and no question is raised in this case as to Mr. Clark's ability in that respect, but he, nor either of the other commissioners were performing legal services. When a lawyer accepts appointment to perform services not of a legal nature then he must accept the fee or pay normally or usually paid to others for such services.

■ Commissioners claim that the trial court erred in allowing testimony concerning the fees paid under contract to appraisers for the Highway Department and urge that this testimony should not be considered by this court on appeal.

Commissioners also argue that there is a distinction between Commissioners and appraisers and for that reason the evidence offered with reference to amounts paid to such appraisers should not have been received and should not now be considered.

We cannot agree with this position and feel that the evidence was properly received. The appraisers referred to in the evidence presented by the State Highway Commission were persons who were employed by the Commission to appraise and fix for the Commission the reasonable market value of property to be condemned for highway purposes. These appraisals were to be used by the State Highway Commission in determining the amounts to be offered to the landowners as damages for the proposed taking in the preliminary negotiations required by statute. The function of such appraisers was very similar to the duties of the Commissioners appointed by the court except that the appraisers did not hold hearings and listen to testimony from interested persons or their attorneys. On the other hand, they were required to support their appraisals by written report, showing measurements and descriptions of tracts and structures, if any, and sales of comparable properties.

It was not contended by the State Highway Commission that the fees to be paid to the Commissioners should be limited to those paid appraisers but that such evidence was admissible to shed some light on fees paid for similar types of work.

The net result in the case of the Commissioners appointed by the trial court and the appraisers employed by the State Highway Commission is to determine the fair and just compensation to which the property owner is entitled for the taking of his property for highway purposes. Any distinction between the two would be in the manner or method in performing such services and in arriving at such fair and just compensation, and this would go to the weight to be accorded to such testimony and not to its admissibility.

In this case the trial court allowed a fee of $6,500.00 to each commissioner for the services rendered, a total allowance of $19,500.00 for 250 hours work or approximately thirty-one days. We are not advised and have no way of telling what factors were taken into consideration by the trial court in arriving at that amount. We think there is nothing in the record to indicate that any other basis than time and the ability of the Commissioners to arrive at fair and reasonable values is involved. Any difficulties or complexities would be resolved in the length of time required. The allowance made by the trial court would figure out at $26.00 per hour or $208.00 per day. We feel that such an allowance is too much for the type of services performed.

The Commissioners have cited the case of Haley v. Horwitz, Mo.App., 290 S.W.2d 414, which sets out standards and elements involved in allowance of attorney fees. In discussing the factors involved, Judge Anderson, Presiding Judge, at l. c. 418, stated the following which we adopt as applicable to the present question before us:

"The problem should also be approached with a view to common sense realism; that is to say, it should pose an amount that public standards will approve for the work done, the time consumed, and the skill required."

The statute above quoted provides for a reasonable fee to be paid to the Commissioners. We do not agree with the witness, Mr. Lieberman, that the fee should be less because public work is involved, but on the other hand, we are here dealing with public funds to be used principally for the construction of public highways and the expenditure of those funds should be strictly supervised and scrutinized to the extent that our courts may not be criticized for being overly generous in such matters, or where persons are seeking such appointments by reason of the generosity of the courts in making such allowances.

In their briefs before this court both the Commissioners and the State Highway Commission have stated that this court should review the entire record presented here and reach its own conclusions as to the proper compensation to be awarded.

Having determined that the fee allowed by the trial court is excessive and is such as to constitute an abuse of judicial discretion it becomes our duty to determine the reasonable value of the services rendered and to give judgment for such an amount as the trial court should have given.

In determining this matter we find no help in the Missouri decisions.

Commissioners have cited the case of State ex rel. State Highway Commission of Missouri v. Graeler et al., Mo.App., 303 S.W.2d 944. That was a case before this court which came from the same trial court from which the present case comes. In that case the trial court made an award of $4,-500.00 to each Commissioner for 180 hours work, or $25.00 per hour. The appeal in that case was dismissed on a procedural question and the court did not pass on the merits of the allowance so that it affords us no help.

The other two cases cited by Commissioners have to do with allowance of attorneys' fees which do not assist us in determining a proper amount to be allowed in this case.

In the absence of any guiding authorities in the State of Missouri counsel for the State Highway Commission has cited cases from other jurisdictions on this question.

In the case of Gulledge v. Texas Gas Transmission Corporation (Ky.App.1952), 256 S.W.2d 349, the court held that the payment of $325.00 to $350.00 to a commissioner for a day's work appraising lands being condemned was too liberal according to any standard. It is interesting to note that in that case the court stated that payment of such a fee by the condemnor could have wrongfully influenced the commis-

sioner to fix too low an award, with the result that the landowner would be put to the expense of employing an attorney and to appeal to the Circuit Court in an effort to receive adequate compensation and for that reason the entire proceedings were set aside, except as to the right of condemnation.

In the case of United States v. Certain Tracts of Land in City of Richmond, 169 F.Supp. 318, decided by the United States District Court for the Northern District of California, the commissioners appraised 200 parcels of land under 68 separate ownerships and put in a total of 41 days and a substantial amount of additional time reviewing the transcript and preparing schedules for the report. The commissioners were allowed $6,000.00 each for their services. This would be approximately $146.00 per day, not counting the substantial amount of additional time referred to.

In the case of United States v. 44.00 Acres of Land, etc., 2 Cir., 234 F.2d 410, which was a condemnation proceeding by the Federal Government originating in the United States District Court for the Western District of New York, the commissioners spent some three days viewing the property, 38 days hearing testimony, 25 days conferring and preparing their report, two weeks preparing detailed findings of fact and conclusions of law and considerable time examining the record and exhibits. If we consider two weeks as being ten days and ignore the "considerable time" referred to, the Commissioners spent approximately 76 days in performing their services. The trial court allowed a total of $11,000.00 for services, but the appellate court increased this allowance to $10,000.00 for each commissioner. That would amount to approximately $131.00 per day for each commissioner. While concurring in the opinion, Chief Justice Clark stated in a concurring opinion that having in mind the amounts paid in comparable cases he thought a doubling of the original award would have been quite generous.

From a consideration of all of the evidence in this case and from a review of the foregoing cases we are of the opinion that a reasonable award to each of the Commissioners in this case would be $150.00 per day for 31¼ days or a total of $4,687.50 for each Commissioner.

The judgment of the trial court is reversed and the cause is remanded with directions to enter an allowance of $4,687.50 for each of the three Commissioners.

RUDDY, P. J., and FRANK W. HAYES, Special Judge, concur.