In the Matter of CONSOLIDATED MET-ALS ENGINEERING COMPANY, Bankrupt,

Jack D. Hodges, Attorney for Trustee, Petitioner for review.

No. 7663.

United States District Court
E. D. Tennessee,
Northeastern Division.

Feb. 7, 1968.

John L. Bowers, Elizabethton, Tenn., Frank L. Bryant, Johnson City, Tenn., for bankrupt.

Robert B. Carter, Johnson City, Tenn., trustee.

Jack D. Hodges, Johnson City, Tenn., for trustee.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a review of the findings and order of a referee in bankruptcy which

fixed the compensation of the petitioner-attorney for the trustee in bankruptcy herein in the amount of $2,850. The pertinent records, findings and order of the referee were properly certified by him on the petition for this review, and this Court is authorized now to confirm, modify or reverse such findings and order. 11 U.S.C. § 11(a) (10).

■ This Court, from a review of the record, is in full accord with the findings and conclusions of the said referee, would enter the same order itself on the basis of such record if considering this matter as one requiring its original determination, and adopts as its own the findings of fact of the said referee. Those findings and conclusions are not clearly erroneous:

"* * * Many elements may properly be taken into consideration in determining a reasonable fee for services rendered by [an] attorney. Among these may be named (1) the time spent; (2) the intricacy of the questions involved; (3) the size of the estate; (4) the opposition encountered; (5) the results obtained; and (6) the economic spirit of the Bankruptcy Act.

"* * * 'It is trite to say that * * 11 U.S.C.A. § 207 * * * was passed for the benefit of ailing business and not entirely for the benefit of the Bar.'

"* * * 'Extravagant costs of administration in the winding up of estates in bankruptcy have been denounced as crying evils. * * * Congress meant to hit the evil of extravagance. * * *"

"* * * 'It is the duty of courts to protect estates confided to their supervision from "vicarious generosity" in the matter of attorney fees.'

■

* * * * * *

" 'After all, the trust was created for and is to be administered in the interest of the ultimate beneficiaries. "The rights of those who ultimately pay must be carefully protected." * * * One of the judicial abuses which subjects our courts to much just criticism is the tendency to absorb property which comes into the control of a court, by making allowances for attorney fees and other expenses pending the litigation payable out of the trust fund.' * * *" Levin v. Baker, C.C.A.8th (1941), 122 F.2d 969, 972 [4], certiorari denied (1942), 315 U.S. 813, 62 S.Ct. 799, 86 L.Ed. 1212.

"* * * Time spent and [attorneys'] standing in the field are relevant factors in considering the amount of the fee. However, the size of the estate and the amount available are also relevant factors. * * *" Levin & Weintraub v. Rosenberg, C.A.2nd (1964), 330 F.2d 98, 100[2], [3], certiorari denied (1964), 379 U.S. 833, 85 S.Ct. 64, 13 L.Ed.2d 41.

■ The award of the referee in bankruptcy herein of $2,850 to the petitioner Mr. Hodges as compensation for his services to the trustee in bankruptcy upheld the economic spirit of the Bankruptcy Act. After such allowance, creditors with aggregate claims of $149,554.52 will be entitled to a pro rata division of the remaining $3,275.69. Their sad lot is to collect about two cents (2¢) on every dollar owed them by the bankrupt estate. Allowance by the referee of the amount claimed by such attorney would have reduced this recovery to one cent (1¢) on the dollar owed.

On review of the said award, the order of the referee in bankruptcy of November 17, 1967 hereby is

Confirmed.