**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**EASEMENT AND RIGHT–OF–WAY CONTAINING 3.0 ACRES, MORE OR LESS, BEDFORD COUNTY, TENNESSEE**

Jim Messenger et al., Defendants.

**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**A fee simple interest in a TRACT OF LAND CONTAINING 32.0 ACRES, MORE OR LESS, FRANKLIN COUNTY, TENNESSEE**

Joe C. Anderton et ux., Defendants.

**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**TWO TRACTS OF LAND CONTAINING 18 ACRES AND 11.8 ACRES, MORE OR LESS, FRANKLIN COUNTY, TENNESSEE**

Murrell Travis, Defendants.

**UNITED STATES of America ex rel. TENNESSEE VALLEY AUTHORITY, Plaintiff,**

v.

**2.8 ACRES OF LAND, MORE OR LESS, MOORE COUNTY, TENNESSEE**

L. R. Cates et ux., Defendants.

UNITED STATES of America ex rel.
TENNESSEE VALLEY AU-
THORITY, Plaintiff,

v.

17.0 ACRES, MORE OR LESS, AND a
ROAD EASEMENT AND RIGHT-OF-
WAY CONTAINING 0.19 ACRE, MORE
OR LESS, BOTH TRACTS IN FRANK-
LIN COUNTY, TENNESSEE

C. O. Prince, Jr., et ux., Defendants.

UNITED STATES of America ex rel.
TENNESSEE VALLEY AU-
THORITY, Plaintiff,

v.

113 ACRES OF LAND, MORE OR LESS,
MOORE COUNTY, TENNESSEE

Adah L. Matlock, Defendants.

UNITED STATES of America ex rel.
TENNESSEE VALLEY AU-
THORITY, Plaintiff,

v.

314.4 ACRES OF LAND, MORE OR LESS,
FRANKLIN COUNTY, TENNESSEE

Charles Lee Brown et al., Defendants.

UNITED STATES of America ex rel.
TENNESSEE VALLEY AU-
THORITY, Plaintiff,

v.

2.0 ACRES OF LAND, MORE OR LESS,
FRANKLIN COUNTY, TENNESSEE

Paul Boswell et al., Defendants.

Civ. A. Nos. 904, 911, 934, 961, 963,
966, 968 and 977.

United States District Court,
E. D. Tennessee,
Winchester Division.

Sept. 3, 1970.

See also D.C., 330 F.Supp. 379.

Thomas A. Pedersen, Asst. Gen. Counsel, H. Peter Claussen, Don Whitehead, T.V.A., Knoxville, Tenn., for relator.

Jack M. Irion, Bomar, Shofner, Bomar & Irion, Shelbyville, Tenn., for Jim Messenger and others.

Pat B. Lynch, Lynch, Lynch & Lynch, Joe R. Hickerson, Winchester, Tenn., for Joe C. Anderton et ux., and C. O. Prince, Jr., et ux.

Pat B. Lynch, Lynch, Lynch & Lynch, Winchester, Tenn., for Murrell Travis, Adah L. Matlock, Charles Lee Brown and others, and Paul Boswell.

Rondal T. Wilson, Shelbyville, Tenn., for L. R. Cates et ux.

Lewis S. Pope, Nashville, Tenn., Joe R. Hickerson, Winchester, Tenn., for William F. Yarbrough, Inc.

## MEMORANDUM AND AWARD

NEESE, District Judge.

■ Before any motion for discharging the commission herein, the Court has for consideration the matter of proper compensation for services rendered by the commissioners. Commissioners who perform their duties in a competent manner should be adequately reimbursed for the services thus rendered. United States v. 15.3 Acres of Land, D.C.Pa. (1957), 158 F.Supp. 122, 125 [9].

The commissioners duly appointed and instructed herein were John S. McLellan, Esq., a practicing attorney at the bar of this Court; and Harold Hayes and H. C. Jessee, both of whom are experienced dealers in real estate who have long and well served as members of the special TVA tribunal formerly authorized by 16 U.S.C. § 831x. These commissioners devoted two and one-half days to viewing the respective properties and five days and one hour on a sixth day to hearing the evidence herein. During these nine days, none of the commissioners was in his respective office. Six additional days were spent by Mr. McLellan in preparing the findings of fact and conclusions of law in each of these cases and by all the commissioners in deliberations concerning these findings and conclusions and the eventual awards.

■ The reported cases provide little aid in determining the proper amounts of compensation for commissioners appointed and serving under Rule 71A, Federal Rules of Civil Procedure. In one situation, awards fixing the compensation of the commissioners, two of whom were practicing attorneys and one of whom was an insurance broker, were increased by the appellate court. United States v. 44.00 Acres of Land, Etc., C.A.2d (1956), 234 F.2d 410, 416 [7], certiorari denied sub nom. Odenbach v. United States (1956), 352 U.S. 916, 77 S.Ct. 215, 1 L.Ed.2d 123. In another, where all of the commissioners were attorneys, the per diem rate for appearances in the federal district court and the per hour fee for office work recommended by the pertinent lawyers' club were utilized. United States v. Certain Tracts of Land in Richmond, D.C.Cal. (1959), 169 F.Supp. 318, 320–321 [1, 2]. Certainly, the compensation of the commissioners must be in reasonable relation to the services rendered and the respective amounts involved. Cf. People of Sioux County, Neb. v. National Surety Co. (1928), 276 U.S. 238, 244, 48 S. Ct. 239, 72 L.Ed. 547, 551.

■ Pertinent guidelines for this determination are provided also by some of the factors considered in the allowance of counsel fees. Many elements may properly be taken into consideration in determining a reasonable fee for services rendered by an attorney. Among these may be named the time spent, the intricacy of the questions involved, the significance of the subject matter, the fervor of the opposition, and the results obtained. Cf. In re Consolidated Metals Engineering Company, D.C.Tenn. (1968), 288 F.Supp. 672, 673 [1].

This Court has engaged in trials of land condemnation actions with juries under a pre-arranged plan, whereby the parties litigant agreed upon 12 jurors and 6 substitutes. At the present rate of $20 per day and travel expenses, this cost aggregates $360 per day for jurors' services alone. This pretermits the rou-

tine expense involving the Court and supporting personnel.

 On consideration of all which, the Court awards compensation to the commissioners herein, as follows:

To John S. McLellan, Esq.,

| | | |
|---|---|---|
| 15 days @ $175 per day | $2,625.00 | |
| Expenses | 154.12 | |
| Subsistence (for entire commission) 11 days @ $16 | 528.00 | |
| Total | | $3,307.12 |

To Mr. Harold Hayes,

| | | |
|---|---|---|
| 13 days @ $125 | $1,625.00 | |
| Mileage | 19.95 | |
| Total | | $1,644.95 |

To Mr. H. C. Jessee,

| | | |
|---|---|---|
| 13 days @ $125 | $1,625.00 | |
| Mileage | 39.06 | |
| Total | | $1,664.06 |

The relator hereby is ordered to pay the foregoing respective amounts without prejudice to its rights herein. As this order is interlocutory in nature, the vacation, setting aside, changing, and modification of each award, and the making of other orders in reference to each of such amounts hereby are reserved, pending final disposition of this action.